54 SUPREME COURT OF GEORGIA.

Summerlyn vs. Dent and Dent, Ex'rs, &c.

M. C. SUMMERLIN, plaintiff in error, vs. JOHN T. DENT and JOSEPH E. DENT, executors of WM. B. DENT, deceased, defendants in error.

When the leading or controlling counsel, especially if he theretofore conducted the case on trial (although his name does not appear on the Judge's docket, and notwithstanding he was not directly employed by the party whom he represented), is absent by leave of the Court, the case should not be tried without the consent of the suitor.

Equity. Continuance. Absence of counsel. Decided by Judge UNDERWOOD, Coweta Superior Court, March Term, 1867.

So much of this heavy record as is material to an understanding of the decision of the case, is as follows:

Complainant moved the Court for a continuance, on account of the absence of his leading counsel, Benjamin H. Hill. The Court refused the continuance, because Mr. Hill had no leave of absence, and no sufficient cause for his absence was shown.

The cause was opened to the jury, and complainant was proceeding to submit his evidence, when the Court announced the receipt of a telegram from Mr. Hill asking leave of absence from the court, on account of indisposition.

Leave of absence was granted Mr. Hill.

Complainant thereupon again moved to continue the cause on account of Mr. Hill's absence, without whom he did not feel he could go safely to trial.

Defendant's solicitors objected to the continuance, because it did not appear that Mr. Hill was original or leading counsel in the cause, and stated that Wm. Dougherty, who filed the bill, had told them a week before then that he would, and Mr. Hill would not, attend that term of Coweta Court.

Mr. Dougherty was also absent.

Complainant's solicitors stated that Mr. Hill had represented complainant on a former occasion when there was a mistrial.

The complainant swore that he had employed Mr. Dougherty, and had never employed Mr. Hill; that Mr. Hill had

represented Mr. Dougherty, and complainant was satisfied with him ; would be content with his presence then, and had expected him to attend at that term of the Court.

The continuance was refused, the cause was tried, and resulted in a verdict for the defendants.

A new trial was moved for, because of the refusal of said continuance (among other grounds), and the new trial was refused by the Court.

This is assigned as error.

The Judge says, " On the final argument of the motion (for a new trial), I heard Mr. Hill's statement, but I could not allow it to operate on a decision already made."

B. H. HILL, L. H. FEATHERSTONE, S. FREEMAN, WM. DOUGHERTY, solicitors for plaintiff in error.

W. F. WRIGHT and HUGH BUCHANAN, solicitors for defendants in error.

HARRIS, J.

We refrain from the expression of any opinion upon the merits of the case in the voluminous record before us, and which were so elaborately argued by counsel, as the case can properly be disposed of for the present by the decision of the question as to the *continuance* moved for below.

An importance was given to the facts that Mr. Dougherty was the *original* counsel of Summerlin and that Summerlin had employed him only, and not Mr. Hill, which other facts in the case should have greatly diminished.    Whilst the name of Mr. B. H. Hill does not appear to any of the papers, nor is marked on the docket (the mere memorandum book of the Judge), as solicitor for the complainant, the fact that he had appeared and conducted on a previous trial (Mr. Dougherty not being at the Court) the cause as leading or controlling counsel is not denied.    The testimony besides shows that by a recent arrangement, just before the last trial, Mr. Dougherty had withdrawn entirely from the case, abandoned practice in that Court, and had turned over his entire

fee and the case to Mr. Hill. Summerlin, though he had not employed Mr. Hill, was entirely satisfied with his representing him. In consequence of the sickness of Mr. Hill's family, he applied by telegram to the Judge for leave of absence from the Court in which the suit was pending, and leave of absence was granted.

When application was made by the local junior counsel associated with Mr. Hill for a continuance of the cause, on the ground of his absence with leave, it ought to have been allowed. Being *absent with leave,* all cases in which Mr. Hill was leading or controlling counsel were necessarily exempt from being tried during his absence, without the assent of the complainant and other counsel that it should be.

Let new trial be had.