couplers were interfered with by another or others; and that sometimes such couplers became uncoupled without using the levers.

J. W. ARNOLD and G. W. GLEATON, for plaintiff in error.    J. S. CANDLER, solicitor-general, *contra*.

---

### MARSHALL *v.* THE STATE.

1. There was no error in overruling the motion for a continuance on the ground that one of the movant's counsel was sick, the movant being represented by four others, and it not appearing that the one indisposed was his leading counsel.
2. In order to prove that cotton baskets found at the scene of the burglary, some of which the accused admitted belonged to him, were similar to other baskets found on the premises of the accused which he also admitted were his, it was not necessary to produce any of the baskets to the jury and submit them to their inspection.
3. In so far as the requests to charge the jury were pertinent and legal, the substance of them was embraced in the general charge.
4. Although the lower story of a gin-house may be open and accessible to all comers, yet if cotton be stored in the upper stories and they are closed so as to exclude entrance otherwise than through a hole necessary for a band to occupy in working the machinery, and this hole is neither intended nor used for ingress or egress and is inaccessible save by climbing to it in an unusual and intrusive manner, entrance through it by pushing aside the band to make room for the body may be a burglarious entry, without any breaking except that involved in this proceeding.
5. The evidence warranted the verdict, and there was no error in denying a new trial.                    *Judgment affirmed.*
April 16, 1894.

Indictment for burglary.    Before Judge FISH.    Sumter superior court.    November term, 1893.

FORT & WATSON and WALLIS & WINCHESTER, for plaintiff in error.    J. M. DUPREE, solicitor-general, by L. J. BLALOCK, *contra*.