## TAYLOR DELK *v.* THE STATE.

*Simmons, C. J.*—1. The provision in the "bill of rights" declaring that "every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel" confers upon every person indicted for crime a most valuable and important constitutional right, and entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services. No person meeting these requirements should be deprived of his right to be represented by counsel chosen by himself, or forced to trial with the assistance only of counsel appointed for him by the court.

2. Where one indicted for murder engaged in his defense a firm of attorneys, relying upon its senior member as his leading counsel and being induced to employ this firm because he desired to obtain the services of that particular member, and where it appears that it was the intention and purpose of the latter to conduct the defense in person, but that he absented himself from the term of the court at which the trial was had, and which began on Monday, until the afternoon of the following Wednesday, under the honest belief (which was, to some extent at least, justified by the facts as they appeared to him) that the case of his client would not be reached before his arrival at the court, and where the presiding judge, being fully aware of these facts, on Wednesday morning peremptorily denied a motion or request made by counsel whom he had appointed for the accused, to postpone the trial until the afternoon of that day, when the chosen counsel of the accused could and would be present, and forced the accused to trial in the absence of that counsel, and where under all the other facts and circumstances it appears that the request for this brief postponement was made in good faith, and that it was reasonable and proper, it was error to refuse the same, and a new trial should be had.

3. Except as to the error above pointed out, the record in the present case discloses no legal reason for granting a new trial.

*Judgment reversed.*

Argued October 6,—Decided October 19, 1896.

Indictment for murder. Before Judge Beck. Pike superior court. Special term, May, 1896.

*Denson & Haden* and *Glenn & Rountree*, for plaintiff in error.

*J. M. Terrell, attorney-general, O. H. B. Bloodworth, solicitor-general, E. F. DuPree* and *J. F. Redding*, contra.