## CLAIBORNE *v.* STATE.

### (*Jackson.*    April Term, 1904.)

**BURGLARY.** What constitutes a burglarious breaking.

A burglarious breaking may consist of any such material alteration, the result of force applied with a felonious intent, in the *status* of the premises entered as is necessary to effect an entrance therein; so where a window of a dwelling house left partly open does not afford an aperture sufficient to admit the body of a person, but the opening is enlarged by further raising the window to an extent necessary to permit an entrance into the house, such act constitutes a breaking sufficient to sustain a conviction of burglary.

Cases cited: Bass v. State, 1 Lea, 444; Webb v. Com., 35 S. W., 1038; Knotts v. State (Tex. Cr. App.), 32 S. W., 532; Marshall v. State, 94 Ga., 589; Miller v. State, 77 Ala., 41; Donahue v. State, 36 Ala., 281; State v. Willis, 52 N. C., 190; State v. Powell, 61 Kan., 81; People v. Dupree, 98 Mich., 96; Rex v. Russell, 2 Eng. Cr. Cas., 377; King v. Hymans, 7 C. & P., 441; King v. Hall, Russ. & Ry., 451.

---

### FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby County.—JOHN T. MOSS, Judge.

W. F. HAMNER, for Claiborne.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the criminal court of Shelby county for the crime of burglary. He was convicted, and sentenced to ten years' imprisonment in the State penitentiary. Motion for new trial was made and overruled, and he has appealed to this court and assigned errors.

It appears that the plaintiff in error clandestinely entered the house of M. B. Winchester in the nighttime, and, on being discovered, escaped. He introduced testimony at the trial for the purpose of proving an *alibi*, but we do not think that the *alibi* is sustained.

But it is urged that the plaintiff in error was not guilty of a technical breaking of the house.

The crime of burglary is defined in our statute as follows: "Burglary is the breaking and entering into a mansion house by night with intent to commit a felony."

The record shows that all of the outside doors of the house were closed, but that two windows in one of the rooms were partially up from the bottom—not leaving an aperture, however, large enough for a man to enter—and that the prisoner increased one of the apertures by raising the window high enough to enable him to get his body through, and effected his entrance in that manner.

In *State* v. *Connors*, 95 Iowa, 485, 64 N. W., 295, it appeared that the keeper of a store was sitting outside in front of the store, the front door being open; that the permanent door at the rear of the room was also open,

Claiborne v. State.

but there was a wire screen door, which was closed. This door was not fastened with a latch, but was hung on spring hinges, which served to keep it closed. The accused opened this door and entered the store, and was at the money drawer, when the bell in connection therewith sounded. About this time he was discovered and arrested. This was held to be a breaking within the meaning of the statute. In *Webb* v. *Com.,* 18 Ky. Law Rep., 220, 35 S. W., 1038, a door of the house which was burglarized (a livery stable) consisted of latticed and a solid part. The latticed part was the upper part, and was about seven feet high and nine feet wide, below which the solid part of the door hung, and filled a space of about three and one-half feet by nine feet. The latticed part was standing open. The other part was fastened by a hasp and pin. The defendant unfastened it by removing the pin and shoving the door open. This was held to constitute a breaking. In *Knotts* v. *State* (Tex. Cr. App.), 32 S. W., 532, it was held that to enter a millhouse by crawling through a small hole under the sill constituted a breaking, within the Texas statute defining burglary. In *Marshall* v. *State,* 94 Ga., 589, 20 S. E., 432, it was held that entering a factory through a hole left for a band operating machinery, by pushing aside the band to make room for the body, was a sufficient breaking. In *Miller* v. *State,* 77 Ala., 41, it was held that there was sufficient evidence of breaking where it appeared that goods were abstracted by thrusting the arm through an opening in a structure, the party

either making or enlarging the opening for this purpose. In *Donahoo* v. *State,* 36 Ala., 281, it was held that entering a house by means of a chimney was a sufficient breaking and entering to constitute burglary. In *State* v. *Willis,* 52 N. C., 190, it was held that an entry at night through a chimney into a log cabin, and stealing goods therein, constituted burglary, although the chimney was made of logs and sticks, was in a state of decay, and not more than 5 1-2 feet high. It has been held that removing a post leaning against a door to keep it closed is a sufficient breaking. *State* v. *Powell,* 61 Kan., 81, 58 Pac., 968. It has also been held that lifting the flap of a cellar door, usually kept down by its own weight, raising the sash of a window, shut down close, but not fastened, or pulling down an upper sash, kept in place alone by its own weight, or lifting a transom shutter, kept in place by its own weight, may each constitute a burglarious breaking. *Rex* v. *Russell,* 2 Eng. Cr. Cases, 377; *King* v. *Hymans,* 7 C. & P., 441; *King* v. *Hall,* Russ. & Ry., 451. In *People* v. *Dupree,* 98 Mich., 26, 56 N. W., 1046, it appeared that the prisoner during the day had called at the house of the prosecutor and was admitted to the inside for the purpose of giving him some food; that while there he raised a window a very slight distance from the bottom, not enough to permit the body of a man to enter; and it further appeared that he returned after night, and opened the window from the outside a sufficient distance to enable him to enter the house, and that he did enter and steal three

pairs of shoes. It was held that this was a sufficient evidence of breaking.

We are aware that there are several cases which hold that the raising of a window partly open is not a breaking. We have no case in this State upon the subject. The only case which we have bearing even remotely upon the question is *Bass* v. *State,* 1 Lea, 444. In that case it appeared that the prisoner had raised a latch on a door not otherwise fastened. This was held to be sufficient evidence of a breaking.

We are of the opinion that the evidence in this case is sufficient to sustain the charge contained in the indictment. It seems to us a useless refinement to hold that the various instances above cited are sufficient evidence of breaking, and that the further raising of a window partly open is not sufficient evidence, when the opening in the window is enlarged by the person entering so as to make the aperture sufficient to admit his body. Here is a material change of the status, and the change is accomplished by the application of force.

Other points of error assigned were disposed of in an oral opinion, and need not be further noticed here.

We are of the opinion there is no error in the judgment of the court below and it is affirmed.