PEOPLE *v.* WHITE.

1. BURGLARY—BREAKING—WHAT CONSTITUTES.
   If any force at all is necessary to effect an entrance into a building, through any place of ingress, usual or unusual, whether open, partly open, or closed, such entrance is a breaking sufficient in law to constitute burglary if the other elements of the offense are present.

2. SAME—RAISING WINDOW.
   Raising the sash of a window, not shut down close, and held down by its weight only, far enough to admit respondent's body, constitutes a sufficient breaking to render the subsequent entry burglarious.

Exceptions before judgment from Clinton; Searl, J. Submitted May 7, 1908. (Docket No. 126.) Decided July 13, 1908.

Edwin L. White was convicted of burglary. Affirmed.

*William M. Smith*, for appellant.

*Dean W. Kelley*, Prosecuting Attorney, for the people.

McALVAY, J. Respondent was convicted in the circuit court for Clinton county of breaking and entering in the night-time a store building not adjoining to or occupied with a dwelling house, with intent to commit the crime of larceny, being charged under section 11547, 3 Comp. Laws. The case is before us on exceptions before judgment. The following taken from the record will indicate what occurred upon the trial material to the question now before the court:

"To the foregoing information the respondent pleaded not guilty, and by his attorney in open court at the beginning of the trial said respondent admitted that he was guilty of the larceny of the goods in question, but denied that he was guilty of the burglary contained in the information.

"Said cause was tried in open court before a jury chosen and sworn on the 10th day of December, A. D. 1907, and upon said trial said respondent took the stand in his own behalf and testified that on or about the night in question, he, while intoxicated, walked along the street which passed in front of the store in question, and that he left said street and passed along the side of the said store building to a point about sixty feet from the said street and there saw a window of said store raised about a couple of inches so he could put his hands under the window, which window was held down by its own weight only, and that he did put his hands under the window and pushed it up far enough so that the opening would admit his body, and that he crawled through said window into the store. He also testified that he was drunk at the time, and did not before he went into the store through the window, or at the time he was going into the store through the window, have any intention

of stealing anything in the store, but he admitted that after he went into the store he did steal, take and carry away a horse blanket and a fur overcoat. The respondent further testified that he and another workman had been working in and about the said store building in repairing the same on two different days a few days previous to the night in question, and that in doing their work they had occasion to and did raise this window, and the testimony in the case on behalf of the people tended to show that the window had stops or plugs for the purpose of holding the same in place, and that as far as the proprietors of the store had knowledge the window had not for a long time been opened or raised previous to the time respondent worked at repairing the building; and they had no knowledge that it was raised on that occasion, and that the proprietors of the store building in question had no knowledge that said window was opened to any extent on the night in question, and that as far as they had knowledge the window was closed completely in the usual manner prior to and at the time respondent gained entrance into the building as testified to by him. The testimony of the people showed, however, that an employé, who was deceased at the time of the trial, had charge of the room and window in question on the day preceding the entering into the building by respondent, and no person on the part of the people testified positively that the window was not open on the night in question as testified to by respondent.

"The testimony of the people was to the effect that said horse blanket and said fur overcoat were worth less than $25."

Upon the theory that such an entering as was testified to and admitted by respondent did not in law amount to a burglarious breaking and entering, his attorney presented four requests to charge the jury to the effect that respondent could not be found guilty of burglary, and that under the evidence he could be convicted of no graver offense than larceny. The court refused to charge the jury as requested, and upon the point at issue charged as follows:

"Now you will notice that the charge here in this information says that the respondent feloniously did break

and enter this building with intent to commit the crime of larceny therein.   Under the evidence which is undisputed as to the material points in that regard, the court has assumed the burden and now instructs you that as to the breaking and entering the court charges you that under the evidence there was such a breaking and such an entering as satisfies the law so far as committing this offense was concerned in this case.

" In other words, the manner in which the respondent himself says that he went through the window and entered the building, the court thinks as a matter of law, and now instructs you, is a sufficient breaking and entering to constitute the crime of burglary, providing the other elements that are necessary to make up the crime are found to exist, so that you need not take up any time in the jury room in passing upon the question of breaking and entering."

The errors alleged are that the court erred in refusing to give the requests, and in charging as above quoted. The only matter for the court to determine is whether the admitted facts in the case constitute a burglarious breaking and entering.

It is insisted upon the part of the respondent that the lifting of a window which is partly open, in order to make an aperture large enough to admit the intruder, is not a breaking.    Several eminent text-writers and decisions of courts of other States are cited in support of this contention.    The tendency of the courts of late has been to hold that but the slightest force is necessary to constitute a breaking.    For example: pushing open a closed door; opening a screen door which is held by its springs, the door of the house being open; removing a screen; entering through an unfastened transom which hung in place by its own weight; entering a mill through a hole cut for the purpose of allowing a belt to run, by pushing aside the belt; entering a mill house through a small hole under the sill; taking goods from a building by thrusting the arm through an opening either made or enlarged for the purpose; entering a house by coming down through the chimney; lifting a cellar door; raising

the sash of a window, shut down close, but not fastened; pulling down an upper sash; all have been held to be a sufficient burglarious breaking.

In this State the same tendency appears. It was held that the removal of an iron cellar-window grating was a breaking within the statute (*People* v. *Nolan*, 22 Mich. 229); also pushing open a closed but unfastened transom swinging horizontally on its hinges. (*Dennis* v. *People*, 27 Mich. 151). It was held that the fact that a respondent slightly raised a window in the daytime, so that the bolts which fastened it down would not be effectual, would not divest his subsequent breaking and entering through the window in the night-time of the character of burglary. *People* v. *Dupree*, 98 Mich. 26.

Respondent urges that because this window was raised two inches there was no "breaking," but admits in his brief that had the window been closed and he had raised it, although it was not fastened and it was necessary to overcome but its weight, it would have constituted a "breaking." As stated above, such reasoning is supported by respectable authority. This, however, does not appeal to our judgment as sound reasoning. We think the rule adopted in the instances above quoted is a reasonable one. It is, in effect, that if any force at all is necessary to effect an entrance into a building, through any place of ingress, usual or unusual, whether open, partly open or closed, such entrance is a breaking sufficient in law to constitute burglary, if the other elements of the offense are present. We think such holding is in harmony with *Dennis* v. *People*, and *People* v. *Dupree*, supra.

A recent Tennessee case is exactly in point. The respondent entered a house in the night-time through a window found partially raised from the bottom, which he opened sufficiently to admit his person. In this case the court considers many of the instances referred to in this opinion, and cites the cases. The opinion concludes:

"It seems to us a useless refinement to hold that the

various instances above cited are sufficient evidence of breaking, and that the further raising of a window partly open is not sufficient evidence, when the opening in the window is enlarged by the person entering so as to make the aperture sufficient to admit his body. Here is a material change of the status, and the change is accomplished by the application of force." *Claiborne* v. *State*, 113 Tenn. 261 (68 L. R. A. 859), and cases cited.

The circuit was not in error in holding the acts of respondent a sufficient breaking and entering. The conviction is affirmed. The cause will be remanded to the court below for the entry of a judgment in accordance with the verdict, and respondent will be brought before that court for sentence.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.