## 1599.   CHIVERS v. THE STATE.

1. The motion for continuance because of the providential absence of leading counsel complied strictly with all the statutory requirements, and was clearly and fully supported by the evidence. It should have been granted.

2. The other assignments of error involve questions as to rulings on evidence and as to portions of the charge of the court, which are not likely to arise on another trial, and therefore are not decided.

Indictment for assault with intent to rape, from Washington superior court—Judge Rawlings. December 14, 1908.

Argued January 30,—Decided February 16, 1909.

*E. W. Jordan, J. L. Kent, Hines & Jordan,* for plaintiff in error.

*Alfred Herrington, solicitor-general, Hardwick, Wright & Hyman,* contra.

HILL, C. J. The plaintiff in error was convicted of assault with intent to rape, and, his motion for a new trial having been overruled, he brings the case to this court. The motion for new trial contains several grounds of alleged error. The principal ground, and the only one that this court deems it necessary to decide, was the refusal to grant a continuance of the case. When the case was called for trial, the defendant submitted a motion to continue, based on the ground that E. W. Jordan, his leading attorney, was confined to his home from sickness and unable to attend the trial; that he could not go safely to trial without the services of his leading counsel; that he expected the services of the said Jordan at the next term of the court, and that his application for continuance was not made for delay only. In support of this motion for a continuance the defendant introduced his own affidavit and the affidavit of the attending physician of his absent counsel, in which he fully supported the specific allegations contained in the motion. At the request of counsel for the prosecution, the court permitted an oral examination of the movant touching the ground of the motion for continuance. The testimony elicited by this examination in substance fully supported the allegations of the written motion to continue, and, in addition, showed the following facts: that the movant had two lawyers present who represented him, besides his absent leading counsel, these two lawyers being "Judge Hines and Colonel Kent;" that Mr. Kent

was first employed; that movant had waived a commitment trial; that at the time of his waiver he was not represented by any counsel; that at the last preceding term of the court he was present with his two attorneys, Hines and Kent; that he employed Judge Hines some time in January 1908, having employed Mr. Kent the December previous; he did not remember exactly the date when he employed Mr. Jordan; that both Judge Hines and Mr. Kent resided out of the county, Judge Hines in Atlanta, and Mr. Kent in Wrightsville, Johnson county. He states further that Judge Hines has been for many years the leading lawyer practicing in that court, and for many years was a resident of that county, having been solicitor-general and judge of the superior court, and is thoroughly acquainted with the jurors of the county; he thinks Judge Hines has been attending court in this county every year since his removal to Atlanta, though he does not know; both Judge Hines and Mr. Kent have been practicing law longer than Mr. Jordan. "Mr. Jordan has been attending to the preparation of the evidence in the case ever since his employment. I had more correspondence with him than with any one else. He has had the management of the case, getting up the evidence and preparing it for trial. He is my leading counsel. I rely on him principally." Movant has been ready for trial from term to term, and has subpœnaed all of his witnesses for this term of the court, and knows something that he expects to prove by each of his witnesses. If his absent counsel were present he would expect him to assume the principal responsibility of the trial, though he is not certain that he would make the principal speech, but he would rely on him to examine the witnesses. The court overruled the motion, but stated that he would postpone the trial until eight o'clock the following morning, in order to give Judge Hines and Mr. Kent, the defendant's counsel, an opportunity to confer with Mr. Jordan and find out what he knew about the facts of the case. Without any additional showing, the defendant, the next morning, renewed his motion to continue, and the court overruled it.

The showing for a continuance, made by the affidavit of the movant, comes, in every particular, fully up to the requirements of the statute on that subject, as contained in §964 of the Penal Code. This section provides that "the illness or absence, from providential cause, of counsel, where there is but one, or of the

leading counsel where there are more than one, shall be a sufficient ground for a continuance, provided the party making the application will swear that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." When this affidavit has been made in support of the motion to continue and there is no counter-showing, it would seem that the provisions of the statute are mandatory in character and that the court has no discretion in the matter. This was the opinion of Justice Simmons in the case of *Thomas* v. *State, 92 Ga.* 7 (18 S. E. 44), but the majority of the court did not concur in this opinion, and held that all motions for continuances were controlled by §3531 of the code, now §966 of the Penal Code, and were addressed to the sound legal discretion of the trial court. While the writer fully concurs in the views of Justice Simmons as there stated, yet this court is bound by the decision actually rendered by the court in that case. In the present case, however, the trial court, in its discretion, as authorized by the latter part of §966 of the Penal Code, permitted the movant to be examined orally, and the facts elicited on that examination were relied upon by counsel for the State as a counter-showing to the motion for continuance. The facts, therefore, set up in the affidavit of the movant in support of his motion, and those stated by him in his oral examination, presented a case for the exercise of sound legal discretion; and the question for this court to determine is whether the trial judge abused his discretion in overruling the motion. The concrete question presented is, did the trial court err in finding against the contention of the movant that Mr. Jordan was in fact his leading counsel? If Mr. Jordan was in fact leading counsel, with all that that term legally implies, the defendant was entitled to have the benefit of his services as such in the conduct of the case. The mere assertion by the movant that Mr. Jordan was his leading counsel did not of itself make him such. The fact was to be determined by the court under all the evidence.

Sections 4424, 4425, and 4426 of the Civil Code declare who is leading counsel under contingencies therein mentioned. Only §4425 is applicable to the present case. This section provides that "the leading counsel is he who, at the time of the trial or raising of any issue connected with the cause, is, in the judgment of the

court, the counsel upon whom the client relies more than any other." This "judgment of the court" is not an arbitrary judgment, nor a judgment based upon an opinion which the judge may entertain as to the relative abilities of the different lawyers employed by the client, or upon what he may regard as a wise selection from his view-point, but the sole question is, which one of his attorneys is "the counsel upon whom the client relies more than any other?" The right to be represented by counsel is one of the most valuable rights accorded to a man, when indicted for a crime. In this State it is a constitutional right, the bill of rights declaring that "every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." Civil Code, §5702. The spirit of this constitutional provision entitles a man charged with crime to the privilege and benefit of counsel of his own selection; and this right of selection must also extend to the right to select the counsel who shall lead in the conduct of his case. Of course it is not meant by this that when one is indicted for a violation of law he shall be permitted to exercise this right except in the utmost good faith, or that he shall be permitted to do so simply for the purpose of delaying a trial. Under the facts elicited in this case by the oral examination of the movant, any inference that he was making a selection of his leading counsel merely for the purpose of delaying his trial would be unwarranted. According to his testimony, he was present and ready for trial at the preceding term of the court, and had prepared for trial during the term at which the motion for continuance was made, having subpœnaed all of his witnesses, and having present his two other attorneys, Judge Hines and Mr. Kent, and having employed Mr. Jordan when he was not sick and expected to have him present also; and the fact that Mr. Jordan was sick and not able to attend court was shown by the affidavit of his attending physician; and in this connection it may be stated that the presiding judge stated from the bench that he had received a telephone message from Mr. Jordan, on the Monday previous, that he was sick and unable to attend court, but hoped to be able to attend the latter part of the week, and the judge, recognizing his illness, promised to take care of his cases. The facts that one of movant's counsel, who was present, had been for many years a leading member of that bar, and would probably be expected to

make the concluding argument for the defendant on his trial, and was well acquainted with the jurors and the people of the county, were not sufficient in themselves to overcome the positive testimony of the movant that he relied upon Mr. Jordan as his leading counsel. But the question recurs, upon whom did the client rely more than on any other as the leading council? Conceding that Judge Hines was a leading attorney at that bar, that he was well acquainted with the jurors and the people, and that he was expected to make the "principal argument" for the defendant on the trial, yet the facts, as testified to by the movant, that Mr. Jordan was his only local attorney, and had been attending to the preparation of the evidence in the case, had been preparing the case for trial, and was expected to examine the witnesses, were very important facts to be considered in determining the issue as to who was in fact the leading counsel, and in support of the positive declaration of the movant that he relied upon Mr. Jordan as his leading counsel and expected him to manage and conduct his case.

It can not be presumed that any argument in a criminal case is as important to a defendant on trial for a violation of a criminal statute as the preparation of the case, the bringing out by proper examination the testimony in his behalf, and the prevention of the selection of unfriendly jurors. While this court is at all times reluctant to interfere with the discretion which the law wisely gives to trial judges, on the question of continuances, yet we are constrained to the conclusion, from a careful consideration of the record in this case, that the motion for a continuance should have been granted. The motion fully came up to all of the requirements of the statute. There is no suggestion, in the evidence, that it was not made in the utmost good faith or that it was intended for the purpose of delay. The defendant was confronted by a very serious charge, one which, if determined against him, might subject him to penal servitude for an infamous crime for twenty years. The accusation, according to Lord Hale, was one "easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." The defendant was entitled to every safeguard of defense, and there can be no greater safeguard than the presence and service of that attorney who has prepared his evidence and upon whom he relies to man-

age and conduct his trial. *Thrasher* v. *Anderson*, 45 *Ga.* 538; *Summerlin* v. *Dent*, 36 *Ga.* 54; *Delk* v. *State*, 100 *Ga.* 61 (27 S. E. 152) ; *Bagwell* v. *State*, 56 *Ga.* 406; *Marshall* v. *State*, 94 *Ga.* 589 (20 S. E. 432) ; *Printup* v. *Mitchell*, 19 *Ga.* 586.

*Judgment reversed.*