Newman, J.
The only means of ingress to and egress from the chicken house was through a doorway of ordinary size. On the evening before the chickens were stolen the door of the chicken house, which was hung upon hinges, was open about fifteen or eighteen inches, being held open by means of a fence post placed on one side thereof and a brick on the other side. The owner of the property, Mary Linton, testified that the door had been propped open in that way—“just so that the chickens and myself could pass in and out.” She stated that the door was not open wide enough to permit her to walk in—she “had to take hold of the edge of the door and then pull around the corner.” It appears from the evidence that the morning after the chickens were stolen the door was from one-half *178 to two-thirds open and the fence post and brick were moved out of place.
That the chicken house was entered by plaintiffs in error and chickens of the value of $15 were stolen by them is not controverted. Counsel insist, however,' that the crime of burglary was not established, that there was no evidence tending to show that there was a forcible breaking and entering of the chicken house and that the court erred in refusing to give to the jury two certain special instructions requested by them to be given before argument. These instructions are as follows:
“If the jury find from the evidence that the building charged in the indictment to have been forcibly, feloniously and burglariously broken and entered was a chicken house and if the mode of ingress to and egress from was through a common sized door hung upon hinges and that the said door was so adjusted that it was left open or partly open so that the owner and the chickens could pass in and out, and you further find that said door was in that condition at the time when it is claimed that it was broken and entered as charged in the indictment, then I charge you that your verdict should be not guilty of breaking and entering said building.”
“If the jury find from the evidence that the building in question was a chicken house and that the only mode of ingress to and egress from said chicken house was through a common sized door, hung upon hinges and a brick or piece of brick was so placed between the sill of said building and said door, so as to leave said door open for a space of from fifteen to eighteen inches, and that upon the *179 outside of said door there was placed upon the ground a piece of fence post to prevent the door from swinging wide open and that through the space thus left the owner could pass into and from said building and that said door was in that condition at the time it is charged it was broken and entered then I charge you that your verdict must be not guilty of breaking and entering said building.”
The objection to these instructions is that there is an assumption that the door was open sufficiently wide that any person might pass in and out of the chicken house. This was a question for the jury, and in view of the fact that the fence post and brick were moved and the door was found to be from one-half to two-thirds open after the chickens were, stolen, the jury was justified in finding that the opening was not large enough to admit plaintiffs in error and that it was necessary to move the obstacles which had been placed against the door to hold it. in position before they could gain an entrance to the house.
The court in its general' charge properly instructed the jury that if it found from the evidence that the door of the chicken house was partly open, so that a person or persons could enter the same, md it was not necessary to remove the brick or post that had been placed against the door to hold it in that position when making an entrance, then that would not constitute a forcible breaking in the sense the statute uses the term.
The court further instructed the jury that if it found that the door was partly open and it was necessary to remove the post or brick placed against *180 it to hold'it in the position in which it was and that the entrance could not have been made into the building without the removal of the brick or post, and that if the brick or post was so removed by plaintiffs in error, or either of them, and an entrance made into the chicken house, then this would constitute a forcible breaking. We are of the opinion that the court charged correctly on this proposition.
Counsel rely upon the following statement in the opinion in Timmons v. State, 34 Ohio St., 426: “The law on the point is, that if the owner leaves his doors open, or partly open, or his windows raised, or partly raised and unfastened, it will be such negligence or folly on his part, as is calculated to induce or tempt a stranger to enter; and if lie does so through the open door or window, or by pushing open the partly opened door, or further raising the window that is a little up, it will not be burglary.”
This doctrine, as was stated by the judge delivering the opinion, had no application in that case, and, aS'We .view it, was clearly obiter. We are aware, however, that it is the holding in a number of cases that where a door or window is partly open and an entrance is gained by pushing open the partly open door or further raising the window it is not a breaking and will not constitute burglary. This rule finds favor with the English authorities, with the courts of Massachusetts and is approved by some text-writers. But there is a tendency on the part of a number of courts to depart from the strict construction of the common law which re *181 quired an actual breaking. They have adopted what we consider to be the more reasonable and logical rule, holding that but the slightest force is necessary to constitute a breaking.
If any force at all is necessary to effect an entrance into a building through any place of ingress, usual or unusual, whether open, partly open or closed, such entrance is a breaking sufficient in law to constitute burglary if the other elements of the offense are present. People v. White, 153 Mich., 617; Claiborne v. State, 113 Tenn., 261; and the cases cited in note to State v. Vierck, 139 Am. St. Rep., 1040.
In the common-law definition of burglary the word “forcibly” is not used in connection with the word “break,” nor does it appear in the statutes of some of the states whose courts have-adopted the rule to which we subscribe. It is used in the Ohio statute, but as was stated in Ducher v. State, 18 Ohio, 308, the offense is not changed by the statute which adds the word “forcibly” as a qualifying term. And in Timmons v. State, supra, the court say that the application of the rule does not depend upon the degree of force used, but upon the fact that force of some degree, however slight, was used. In that case the court held:
“The force necessary to push open a closed, but unfastened, transom, that swings horizontally on hinges over an outer door of a dwelling-house, is sufficient to constitute a breaking in burglary under our statute, which requires a forcible breaking.”
*182 We think, as was said by the court in Claiborne v. State, supra, that to hold that the opening of a door or window which is closed but not fastened is sufficient evidence of breaking, but that the further opening of a door or window partly open in order to gain an entrance is not sufficient evidence, is a useless refinement.
In the case under consideration, if the door of the chicken house was further opened in order to make the opening sufficiently wide to admit the plaintiffs in error—and this was a question for the jury—unquestionably some force was required, and however slight it may have been it was all that was required to constitute a “forcible breaking” under the statufe, and, taken with the other facts established, made a case of burglary. The trial court, therefore, properly refused to direct a verdict of not guilty and committed no error in refusing to give the two special instructions requested.
As to the alleged error, the refusal of the court to adjourn the hearing of the case and permit defendants below to recall the prosecuting witness for further examination, it is sufficient to say that the request was properly refused for the reasons given by the trial court.
There being no error in the record prejudicial to plaintiffs in error, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.