32168.   MANNERS v. THE STATE.

844

Decided November 6, 1948.

*Chastine Parker, James R. Venable, Jackson L. Barwick,* for plaintiff in error.

*E. J. Clower, Solicitor-General,* contra.

GARDNER, J. ■ General grounds: Eminent counsel for the defendant devote very little argument in their brief to the general grounds. They merely say that the evidence was circumstantial and that for this reason the court should reverse the trial judge on this ground. It would seem to us, even from what we have set out above, that this contention is untenable and without merit.

■ Special ground 1 assigns error on the overruling, by the trial court, of a motion for continuance. Counsel for the defendant, J. R. Venable, when the case was called, made a motion for a continuance on the ground that an attorney of Rome, Georgia, Chastine Parker, was sick and that he had a doctor's certificate to that effect and the doctor had advised Mr. Parker to go to Florida, and that Mr. Parker expected to conduct the case, although Mr. Venable was to be there. Counsel further stated that the defendant himself was sick, suffering from a kidney ailment and running a high temperature and blood pressure and that the defendant was unable to go to trial. The court stated to Mr. Venable that Mr. Parker spoke to the judge about that and that Mr. Parker told the court that Mr. Venable was leading counsel. Whereupon Mr. Venable stated that he expected Mr. Parker to conduct the case. Then it was that the court remarked "he [meaning Parker] didn't tell me that." Then at the insistence of the solicitor-general the case was ruled to trial. There was no evidence that the defendant himself was too sick to go to trial except the statement of counsel. Counsel for the defendant designated Mr. Parker as the local counsel and stated that Mr. Parker was more familiar with all the jurors and the

political situation in Walker County, but it appeared that Mr. Parker lived in Rome and not in Walker County. Mr. Venable further stated to the court that he had just received a copy of the indictment through the mail the day before the trial. It is contended that the overruling of this motion for a continuance violated the defendant's constitutional rights, under the due process clause both of the State and the United States Constitution, to have an attorney represent him. It will be noted that this offense was alleged to have been committed on December 13, 1947, and the defendant was placed in jail and shortly thereafter was released on bond. He was indicted at the February term of the Walker Superior Court in 1948 (the exact date is not given, but it was several days before the trial on February 25th). It does not appear just when Mr. Venable or Mr. Parker were employed by the defendant. It appears that during the trial an attorney, Paul W. Painter, assisted chief counsel Venable. It is conceded by counsel for the defendant that a motion for continuance is within the discretion of the court, taking into consideration the case and all the circumstances in connection therewith. When we consider these things, we can not say that the court abused its discretion in overruling the motion for continuance. It appears quite certain that the defendant, as well as counsel who conducted his trial, was well aware of the charge against the defendant, and the record reveals that he was ably represented and that he could not, at some future date or hereafter, have been better represented. Counsel recite numerous decisions containing different facts from those here, to sustain their position. They particularly call our attention to *Chivers* v. *State*, 5 *Ga. App.* 654 (63 S. E. 703); *Walker* v. *State*, 194 *Ga.* 727 (22 S. E. 2d, 462). The facts in those cases differentiate them from the facts in the instant case, as do all other decisions cited. See *State Highway Department* v. *Peavy*, 77 *Ga. App.* 308 (48 S. E. 2d, 478). The court did not abuse its discretion in overruling the motion for continuance. This special ground is without merit.

■ There is no special ground 2. Special ground 3 assigns error because the court admitted, over objections, the State's exhibits 3 through 20, and the various bonds designated "a" through "f." Counsel objected, at the time, to admission of

"these tools, this jar and caps, wire, and these other articles that have been identified," on the ground that there is no evidence showing connection between such objects and the ones by which the safe was alleged to have been blown, and that they were irrelevant and inadmissible. After this objection the court stated "I will let that in for what they may be worth." These articles are those which were recovered by the officers in and about the car of the defendant when he was stopped by the police officers on the highway. We think they were admissible for consideration by the jury. If the admissibility of evidence is doubtful, the evidence should be admitted. See *Brown* v. *Wilson,* 55 *Ga. App.* 262 (189 S. E. 860). The modern tendency is to relax rather than to restrict the rules as to the admission of evidence, to the end that the discovery of truth may be aided rather than obstructed. *Dade County* v. *State,* 77 *Ga. App.* 139 (48 S. E. 2d, 144). This ground is without merit.

■ Error is assigned in special ground 4 on an excerpt from the charge as follows: "Any removal by the defendant of those things which are usually found in a house to protect the house from intruders from the outside, would be a breaking within the law." We see no error in this excerpt, particularly as being erroneous as an abstract principle of law. Moreover, this is but the first sentence of the judge's charge on the subject of what constitutes breaking in the offense of burglary. The whole paragraph on the subject reads: "Any removal by the defendant of those things which are usually found in a house to protect the house from intruders on the outside would be a breaking within the law. It is a breaking within the law to raise a window that is found down, or to break a glass of a window and raise the latch and raise the window afterward, or to turn the knob of a door and enter by that means. It is such force as would be necessary to break into a house and which destroys or puts out of the way those safeguards about a house that are intended to protect the house from intruders from without. Then there must be an entering into the house after the breaking and this must be done with an intent to commit a larceny [or felony]." This charge is true, to our minds, as an abstract principle of law. The evidence shows that the Coca-Cola Bottling Works

was entered by breaking the latch on a shutter or window which was fastened from the inside. This ground is without merit.

■ Special ground 5 assigns error because the court admitted, over the objections of the movant's counsel, the zipper bag containing tools which we have hereinbefore described as being found on underbrush a short distance from the car of the defendant where it was stopped by a police officer on the highway. The bag was admitted as containing certain tools. The bag was sent out with the jury. It is contended in this ground that the jury, upon opening the bag and examining its contents, found therein a receipted bill in the name of the defendant, R. A. Manners, for work on the defendant's automobile involved. It is contended that the defendant, having objected to the admission of the zipper bag and the tools therein and at all times disclaiming any interest in or knowledge of the bag and its contents, was prejudiced by the finding of this receipted bill for repairs to the defendant's car, because the receipted bill had not been introduced as evidence, but only the zipper bag and the tools therein. The record reveals that the zipper bag and the tools therein were examined by the defendant before having been admitted in evidence. It appears that this assignment of error is without merit for two reasons: First, the attorneys for the defendant had full opportunity to examine the contents of the bag before the contents were submitted for the consideration of the jury. They did not do this. If they had done so, no doubt they could by proper diligence, have discovered the receipted bill in the bag and it would have either been excluded from the consideration of the jury or the case reopened by the court and the question of the receipted bill been thus open for consideration as to whether it should have been admitted also in evidence. In the consideration of this ground and on this point we think the court was justified in overruling the assignments of error on this ground because of the dereliction in duty on the part of the defendant. This is true, notwithstanding the affidavit of counsel for the defendant and the defendant himself to the effect that they did not know that the receipted bill was in the zipper bag. Second, the more serious defect in the assignment of error in this ground is that the only evidence to the effect that the jury considered the receipted bill is brought to

knowledge by an affidavit of one of the jurors who returned a verdict of guilty. He stated, and he is the only one who did, that the jury found this receipted bill and read it. It is the law of this State, that the affidavit of jurors may be received to sustain but not to impeach their verdict. Code § 110-109; *Fulton County* v. *Phillips*, 91 *Ga.* 65 (16 S. E. 260) ; *Peagler* v. *Huey*, 183 *Ga.* 677 (3) (188 S. E. 906) ; *Gossett* v. *State*, 203 *Ga.* 692 (48 S. E. 2d, 71). So the contention that the consideration of a document not introduced in evidence influenced the verdict against the defendant and to his prejudice and therefore should be reversed, is not well founded, under the facts of this case. This ground does not require a reversal.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*