### 44125.   LONG v. THE STATE.

ARGUED JANUARY 13, 1969—DECIDED JANUARY 22, 1969.

*Garland & Garland, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, Solicitor General, John W. Stokes, Joel M. Feldman, Tony H. Hight, J. Walter LeCraw,* for appellee.

JORDAN, Presiding Judge. 1. "The provision in the [Georgia] 'bill of rights' declaring that 'every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel' confers upon every person indicted for crime a most valuable and important constitutional right, and entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services. No person meeting these requirements should be deprived of his right to be represented by counsel chosen by himself, or forced to trial with the assistance only of counsel appointed for him by the court." *Delk v. State,* 100 Ga. 61 (27 SE 152). "Peremptorily forcing one indicted for a criminal offense to trial immediately after the appointment of counsel (who was not familiar with the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or prepare for the defense, is, although no other ground for a postponement or continuance be urged, cause for a new trial." *McArver v. State,* 114 Ga. 514 (40 SE 779). There can be no greater safeguard than the presence of that attorney selected by the defendant as leading counsel who is prepared for the trial and upon whom the defendant relies to manage and conduct his trial. *Chivers v. State,* 5 Ga. App. 654, 658 (63 SE 703). Also, see *Walker v. State,* 194 Ga. 727 (22 SE2d 462).

The trial in the present case was held on October 2, 1968. It appears from the record and transcript that the alleged offense took place on February 21, 1968, and that the defendant on the same day stated to an investigator the name of an attorney of his own choosing, who thereafter represented him, with others, in obtaining continuances, and that the trial of the case had been postponed four times. On the fifth occasion an associate of this attorney appeared, participated in a pre-trial conference, at which he sought to have the case reset or continued, and, when the case was called for trial, moved for continuance, asking that the case be scheduled for trial on a

day later in the week, or the first part of the next week, stating that the defendant had specifically employed the other attorney, that he, the associate, had not been employed, had never seen the file of the defendant, and had never talked to the defendant before approximately 9:30 that morning when he was informed that the other attorney's wife was in the hospital to give birth to a baby, and that the attorney was at the hospital. The motion was denied and the court directed the attorney to enter a plea and to proceed with the case, or else be placed in contempt. These same objections were reiterated throughout the trial of the case. When the court questioned the defendant on the procedural matter of dispersing the jury, the defendant replied, "Sir, I employed Mr. Edward T. M. Garland. I thought he would be here, today, and I don't know anything about law." The court replied, "You are represented by a very competent lawyer, a member of that firm, and a member of the Virginia Bar and the Georgia Bar." The defendant responded, "I haven't talked with him before today, and I am sure he don't understand my case."

We recognize the difficulties which the State may encounter in assembling witnesses on numerous occasions, only to have trial of a case postponed to a later date, and we also recognize the commendable desire of the trial court to expedite the final disposition of a criminal case, but the constitutional mandate of this State is clear, as interpreted by the Supreme Court, supra, that every defendant charged with a crime . in this State is entitled to be defended by counsel of his own selection whenever he is able and willing to employ one, and uses reasonable diligence to obtain his services, and that where this appears he should not be deprived of representation by the counsel which he chose, or forced to trial with the assistance of counsel appointed by the court.

The record and transcript in this case make it clear that the defendant had selected and employed counsel, who was not present in court, but whose whereabouts was known and who may have been reasonably available during the same day, the next day, or the next week, and that the defendant was forced to go to trial represented by an associate whom the court di-

rected, and in practical effect, appointed as his counsel, despite the repeated protestations of this attorney that the defendant did not desire him as his counsel, and that he was not properly prepared to defend the case. We need not determine whether the defendant received adequate and effective representation by this attorney, or whether the absence of chosen counsel is excusable, for it is clear that the defendant was denied the right of representation by counsel of his own choice for reasons beyond his control, and that the trial court erred in refusing to delay the trial at least sufficiently to determine whether it could be held with representation by selected counsel and without undue delay.

2. The remaining enumerations involve matters unlikely to affect further proceedings in the court below and require no ruling.

*Judgment reversed. Hall and Whitman, JJ., concur.*