## 46097. TOMLINSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for simple battery and the denial of his motion for new trial.

1. Defendant contends the court erred in ordering the case to trial over his objection that the attorney of his choice was not in court or available. He relies primarily upon *Long v. State,* 119 Ga. App. 82 (166 SE2d 365) in which this court reiterated the basic right of an accused to be represented by counsel of his own choice. In *Long,* an associate of leading counsel was also required to try the case. However, the facts here are distinguishable. In *Long,* (a felony case), the associate had never met the defendant or reviewed the file and had to proceed with the trial that very day. He also accounted to the court for the leading counsel's absence and stated he would be available later in the week. Here, the associate was present when the case was sounded for trial (calendar call) and announced that leading counsel was not available. However, the case was not actually tried until four days later when he again made the announcement. There is nothing in the record to show that the associate either gave a reason for leading counsel's absence on the day of trial or suggested when he might be available. In our opinion, the trial judge was authorized to find that the defendant had sufficient time to determine whether counsel of his choice was going to be available and, if not, to make other arrangements; and that the associate had ample opportunity to familiarize himself with the case before the trial in order to adequately defend this misdemeanor charge. The trial court did not abuse its discretion in refusing to grant a continuance.

2. Defendant contends the accusation upon which he was brought to trial was too vague and uncertain in that it does not state an offense in the language of the Code nor does it specify any Code section. We believe the accusation was sufficient. It charged the defendant with the offense of simple battery and stated that he had "beat one Fred Hutchinson" on a certain day in the county. The meaning of the word "beat," coupled with the charge of simple battery, seems abundantly clear. Indeed, it is probably better notice than the general language of the

Code. (Section 26-1304 (b) states that "a person commits simple battery when he . . . intentionally causes physical harm to another.")

3. Defendant also contends the court erred in allowing the case to be prosecuted by an "acting solicitor." Not only may the court appoint a solicitor pro tempore, but his right to act as such may not be raised for the first time after conviction. *Davis v. State*, 11 Ga. App. 10 (74 SE 442).

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
ARGUED APRIL 6, 1971—DECIDED APRIL 29, 1971.

*Jim T. Bennett, Jr.,* for appellant.
*Robert L. Cork, Solicitor,* for appellee.