## 52647. JOHNSON v. THE STATE.

MARSHALL, Judge.

Bobby Johnson appeals his conviction of aggravated battery. He raises two enumerations of error. One complains that he was denied representation by counsel of his own choosing. The other asserts the trial court failed to charge the jury on the lesser offense of simple bat-

tery. *Held:*

1. In relation to the first enumeration of error, the record discloses that following his indictment, Johnson was granted a preliminary hearing. At that hearing, Johnson was represented by a court-appointed attorney who cross examined the witnesses and began preparation of the defendant's case. He interviewed witnesses and examined the file pertaining to Johnson's case.

Thereafter, Johnson retained private counsel. His case was called for trial during the week of October 24, 1975. During the several days of that week, with prosecution witnesses present, the retained counsel did not appear. The case was postponed until the week of November 17, 1975. Again, during that week, the state was ready to proceed with its witnesses present. Retained counsel was also present but involved in a capital murder case that continued through Monday and Tuesday of the week.

Following a verdict of guilty in the murder case on Tuesday evening, retained counsel announced to the court that he would be present the next morning for sentencing in the murder case and then be prepared to proceed with several other cases pending before the court, including the case of Bobby Johnson. The following morning retained counsel did not appear. The court made numerous efforts to determine the whereabouts of retained counsel without success. Counsel did send the court a telegram stating that he was sick, but did not set forth the nature of that illness nor apparently did he seek a continuance. The trial court then issued a bench warrant for the arrest of the several defendants who did not appear for trial, including Bobby Johnson.

The retained counsel personally talked to his several clients in the Henry County jail on the morning of November 24, 1975. However, when Johnson's case was called for trial, retained counsel was not present. The court and district attorney were unable to determine the whereabouts of retained counsel nor were they aware of any reason for his absence. No request for continuance was made to the court.

After the foregoing facts were placed on the record, the court determined that the original appointed counsel

was ready, willing and able to proceed with the defense of Johnson. The trial court then ruled that ". . . in view of the fact that the State's witnesses have been here, this is the third week they have appeared, and [retained counsel] had not made it known to me as to why he is absent, and the court in the absence of a proper showing can only conclude that [retained counsel] has either abandoned the representation of this defendant, or has elected not to be here . . . I am letting this case go forward upon the call by the District Attorney . . ."

Appointed counsel conferred with Johnson. Neither Johnson nor the appointed counsel voiced any objection to proceeding in the absence of retained counsel. No motion for continuance was made. Even when the court stated in the presence of Johnson that it appeared retained counsel had either abandoned the case or declined to appear in court, Johnson did not register any disagreement.

We are in complete agreement with the contention that one accused of crime has the right to be represented by counsel of his own choosing. The improper denial of this right is violative of the Constitution and laws of the State of Georgia (Art. I, Sec. I, Par. V, Georgia Constitution (Code Ann. § 2-105); Ga. L. 1865-6, p. 236 (Code Ann. § 27-403)). Such denial abrogates the right of procedural due process. Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158); Glasser v. United States, 315 U. S. 60 (62 SC 457, 86 LE 680); Duncan v. Louisiana, 391 U. S. 145 (88 SC 1444, 20 LE2d 491); Delk v. State, 100 Ga. 61 (27 SE 152); Long v. State, 119 Ga. App. 82 (166 SE2d 365).

But just as other constitutional and statutory rights may be waived intelligently by an accused (Jones v. Mills, 216 Ga. 616 (118 SE2d 484)), so too, we believe the constitutional guarantees of counsel of choice may be waived by action or declaration. See Williams v. Gooding, Ga. 549 (176 SE2d 64); Bradley v. State, 135 Ga. App. 865, 866 (219 SE2d 451). The determination as to an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case. Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461). We find such a waiver here.

In this case appellant was acquainted with and had

been represented by his appointed counsel earlier during the pre-trial proceedings. He was present and privy to all the facts recited by the trial court. He heard the trial court question whether the retained counsel had abandoned the case or simply declined to appear. He heard appointed counsel state the extent to which the case had been prepared and that counsel was ready to proceed. In spite of these actions and statements, Johnson did not state that he was dissatisfied with the substitution of appointed counsel. He did not request the presence of his retained counsel, nor did he request a continuance or offer any explanation of the whereabouts of his retained counsel. (We note in appellant's brief that he says he stated to the trial court that he wished to proceed with his retained counsel. This contention is not supported by the transcript of the proceedings, and therefore is not properly before us for consideration.)

The law vests the determination of questions relating to the time of trial in the discretion of the trial judge, and this court will not interfere with his ruling on the subject, unless it is manifest that there had been an abuse of discretion. *Harris v. State,* 119 Ga. 114, 116 (45 SE 973). In this case the trial court was warranted in concluding that the course of justice was being and would continue to be thwarted by the unexplained absence of retained counsel. The judge did not abuse that discretion by substituting counsel who was well prepared to proceed with the defense of appellant's case. *Cannady v. State,* 190 Ga. 227 (9 SE2d 241).

Moreover, appellate courts exist for the correction of error by the trial judge where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676); *Cauley v. State,* 137 Ga. App. 814 (224 SE2d 794). This enumeration is without merit.

2. In his second enumeration of error, appellant complains that the trial court erred in failing to charge on the lesser offense of simple battery. The only evidence justifying appellant's act was his testimony that if he had

not shot the victim, the victim would have shot him. Such evidence raises the theory of self-defense. The court properly charged on this principle of law. If the jury had believed the appellant they would have acquitted him. Such evidence does not give rise to a lesser included offense so as to require a charge. *Williams v. State,* 232 Ga. 203 (206 SE2d 37); *Gillespie v. State,* 236 Ga. 845, 847 (225 SE2d 296). Moreover, appellant did not request such an instruction nor object to the failure to give one. Where the record does not disclose a request for a charge upon a lesser included offense, the second rule of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) declares the failure to give such a charge to be without error. *Van Voltenburg v. State,* 138 Ga. App. 628, 631 (3). This enumeration likewise is without merit.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED SEPTEMBER 28, 1976— REHEARING DENIED OCTOBER 13, 1976 —

*R. Alex Crumbley,* for appellant.
*E. Byron Smith, District Attorney, Hal Craig, Assistant District Attorney,* for appellee.