## 55503. BROWN v. THE STATE.

SHULMAN, Judge.

Defendant appeals from his conviction for rape.

1. Appellant contends that the trial court committed reversible error in holding that certain evidence would not be admissible at trial. We disagree.

The state made a motion in limine for the purpose of determining the scope of admissible evidence of the victim's past sexual conduct. The court determined that evidence would be limited to any acts of intercourse between the victim and others occurring during the time

frame in which laboratory tests would detect the presence of live sperm. There was no restriction of evidence regarding consent; consent was not an issue.

Appellant did not object to this restriction. Rather, appellant's counsel affirmatively stated that he "didn't plan to get into that [anyhow]." Indeed, at trial, counsel for defendant never attempted to introduce evidence of the victim's sex partners within the time frame permitted by the court.

Pretermitting whether such evidence was admissible or whether the state had authority to seek a court determination as to the admissibility of such evidence prior to defendant's offering the same, appellant has failed to show reversible error. *Mahone v. State,* 120 Ga. App. 234 (3) (170 SE2d 48) (no showing of reversible error where no avowal of testimony proposed to be elicited).

We need not decide the propriety of limitation of examination "since '[a]n issue raised as a basis for a motion for a new trial which was not asserted during the trial, cannot be asserted on appeal as a basis for reversal.' [Cit.]" *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491).

2. Appellant argues that he had an absolute right to proceed to trial with counsel who was originally appointed rather than the retained counsel who was employed by relatives and friends. Unfortunately, the record is absolutely silent as to this issue.

Appellant's contentions are not supported by the transcript of the proceedings and therefore are not properly before us for consideration. *Johnson v. State,* 139 Ga. App. 829 (1) (229 SE2d 772).

"The burden is on the appellant to show error by the record, and when a portion of the evidence. . . bearing upon the issue raised by the enumeration of error, is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits.]" *Law v. State,* 121 Ga. App. 106 (2), 108 (173 SE2d 98).

3. Remaining enumerations are not supported by argument or authority. Accordingly, they are deemed abandoned. *Terrell v. State,* 138 Ga. App. 74 (225 SE2d 470).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 28, 1978 — DECIDED JUNE 19, 1978.

*Robert M. Ray, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, William McAbee, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.