Thrasher *vs.* Bettis.

---

B. H. & A. M. THRASHER, plaintiffs in error, *vs.* JOHN S. BETTIS, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

Where an application was made for a homestead, and the applicant returns in his schedule several parcels of land, but specially prayed that his homestead might be assigned him in a certain house and lot in a city, stating that there was a mechanics' lien upon it for $500 00, which was valued by the surveyor at $2,000 00, and objection being made as

Thrasher *vs.* Bettis.

to the value, commissioners were appointed, who appraised the house and lot at $2,800, which was duly returned and filed and approved, and no appeal taken, and the ordinary made the usual order, requiring that if the city lot should be sold under legal process, the $2,000 should be invested in other property, and at the same time appointed a receiver to sell the other real estate, and bring in the proceeds for distribu·ion to the creditors, and before the distribution was made the house and lot was sold, and only brought $2,000 00:

*Held,* that the return of the appraisers and approval of the ordinary, unappealed from, was conclusive upon the applicant, and that he cannot claim to have any portion of the fund raised by the receiver used to pay off the lien, and thus leave to him the full $2,000 00.

Homestead.    Before Judge HOPKINS.    Fulton Superior Court.    April Term, 1874.

Bettis, by his petition for *certiorari*, made the following case:   In February, 1874, he applied to the ordinary of Fulton county for an exemption of personalty and a homestead in realty.   The latter he prayed might be set apart in a house and lot on Decatur street, in the city of Atlanta, and in certain other property.   The surveyor appointed valued the said house and lot at $2,000 00 in specie.   B. H. & A. M. Thrasher objected to this valuation.   Appraisers were accordingly appointed, who estimated it as worth $2,800 00 in specie.   The ordinary, accordingly, on January 31st, 1874, passed an order that in case of the sale of, said property under execution, $2,000 00 in specie, from the proceeds thereof, should be invested in a homestead for petitioner.   There were, and still are, incumbrances upon said property for the labor done and material furnished, to the amount of from $500 00 to $600 00.   The schedule of the petitioner embraced other real estate, which the ordinary placed in the hands of a receiver for sale, the proceeds to be distributed among the creditors.   Such sale has been made, and the receiver has placed at the disposal of the court a net balance of $280 00.   The property upon which petitioner's homestead was located was sold at April sales, 1874, for $2,000 00 in currency.   On the 10th of the said month the petitioner asked that the ordinary pass an order allowing the proceeds of the

sale of the homestead property, after payment of expenses and incumbrances, to be placed in the hands of some discreet person, to which should be added a sufficient sum from the amount realized by the receiver, to make the sum of $2,000 in specie, which should be invested by him in a homestead for the applicant.

On objection made by B. H. & A. M. Thrasher, the ordinary refused to allow the fund brought into court by the receiver to be applied in the manner indicated. To which ruling the petitioner excepted.

The petition was sanctioned and the writ of *certiorari* issued. The answer of the ordinary did not alter the case as above presented. The court sustained the *certiorari*, and B. H. & A. M. Thrasher excepted.

THRASHER & THRASHER, for plaintiffs in error.

COLLIER & COLLIER; T. P. WESTMORELAND, for defendant.

McCAY, Judge.

In our judgement the return of the appraisers, the approval of the ordinary, and the passing by him of the orders, was a setting apart of his homestead to the applicant, and an appropriation of the remainder of the debtor's land to the creditors. The house and lot were valued at $2,800 00, this not only gave him his homestead, but allowed for the lien, and left still an interest subject to sale, of $300 00. Had the debtor been dissatisfied with the return and orders of the ordinary, he had his remedy. He took the house and lot as his homestead in view of, and with the understanding that it was worth $2,800 00, and in our judgment, he is bound by that judgment. He applied for, and got his homestead, in that particular property. The only reason why it was allowed to be be sold, was that by the return it was treated as worth more than $2,000 00 besides the lien. It is merely accidental that it has been sold before the proceeds arising

from the sale of the other real estate was distributed. The same judgment which gave him his homestead, devoted the other to the creditors, at least, they were had at the same time; they or he might have appealed. Neither of them did. We think it is the clear intent of the law, that the return of the appraisers and the order of the ordinary, in view of the fact that the property is adjudged to be worth more than $2,000 00, recognizing the right of judgments to sell it and protecting the homestead interest when sold, is the laying off of the homestead, and that it is too late to revise that judgment. If this were allowed the matter would be always open, since, as we have said, it is merely accidental that the sale has occurred so soon. It might be ten years before the sale; it might be for new debts.

Judgment reversed.