69 705
90 372

## LEE *vs.* THE STATE OF GEORGIA.

1. That certain members of the grand jury who found an indictment had previously served on the coroner's jury who found that the defendant committed the homicide under consideration, is not a good ground for a plea in abatement to the indictment, nor for a new trial after the verdict.

(*a.*) Traverse jurors stand upon a different plane from grand jurors, in respect to causes of challenge.

(*b.*) If a defendant can except to a grand juror at all on the ground that he has formed and expressed an opinion, it should be done before the true bill is found, and not on the trial.

2. The newly discovered evidence relied on in this case did not require a new trial.

(*a.*) When newly discovered evidence is relied on as a ground for new trial, it should appear that defendant and his counsel were ignorant of it until after the trial.

January 16, 1883.

Criminal Law. Jurors. Practice in Superior Court. New Trial. Before Judge TOMPKINS. Pierce Superior Court. March Adjourned Term, 1882.

Reported in the decision.

JOHN C. NICHOLLS; A. E. COCHRAN; GARRARD & MELDRIM, for plaintiff in error.

G. B. MABRY, solicitor general, by HARRISON & PEEPLES, for the state.

CRAWFORD, Justice.

The only questions made and relied upon in this case for a revesal of the judgment of the court below, are, first, that persons serving on the jury of inquest are incompetent as grand jurors to serve in the finding of a bill of indictment; and, second, because of the newly discovered evidence set out in the 4th ground of the motion for a new trial.

1. Upon the first question it was ruled by this court, in the case of *Betts vs. The State*, 66 *Ga.*, 508, that it was not a good plea in abatement to an indictment, that one of the grand jurors who found it had previously been a member of the coroner's jury, and found that the deceased had come to his death at the hands of the defendant, and that the killing was murder. Again, in the case of *Williams vs. The State*, decided at the present term, it was held that, if defendant in a criminal case could except to a grand juror at all, on the ground that he had formed and expressed an opinion, it should be done before the true bill was found, and not on the trial thereunder. We see no good or sufficient reason why we should depart from these rulings; and therefore they are re-affirmed. Nor do we see that they are at all inconsistent with the decision in the case of *Burroughs vs. The State*, 53 *Ga.*, 407, where it was held, that all causes of challenge to a traverse juror, whether arising *propter defectum* or *propter affectum*, were put upon the same footing by the act of 1855–6, and all distinctions between them abolished. This we hold to be the correct ruling of the law of that case, but wholly inapplicable to the facts of this. There, the question made was as to a traverse juror, here to a grand juror; the latter, where there is a homicide proved, only puts the presumption of the law in the form of an accusation against the slayer; the

former tries his case, and must be without bias or preju-
dice, impartial, and free from the formation and expres-
sion of an opinion touching his guilt or innocence ; indeed,
he must be free from all cause of challenge *propter defectum*
and *propter affectum,* to be a competent juror.

2. The newly discovered evidence relied upon is, that
two witnesses have been found who are willing to testify
touching the possession by the deceased of a knife intro-
duced on the trial of the case, and said to have been found
in May, after the killing in March, some eighteen feet
from where the deceased fell at the time of his death.

Judging from the affidavits of these two witnesses—which
are always prepared as strongly as the affiants will allow—
neither of them would swear that the knife was in de-
ceased's possession before the killing.   One swears accord-
ing "to the best of his knowledge and belief," which words
are inserted in the affidavit, that he believes he saw the
knife about the middle of March preceding the homicide
in the possession of the deceased ; the other that he saw
the knife, or one precisely like it, in the possession of de-
ceased about three weeks before he was killed.

When it is remembered that the defendant justified
himself upon the ground that the deceased was advancing
upon him with his knife ; that such fact was an all impor-
tant one in his case ; that the knife was looked for at the
time, but could not be found ; that this particular knife
was not found until six or eight weeks afterwards ; that
the finder swears upon the trial that he never spoke of
the finding until the day before he was sworn in the case, as
well as the fact that upon an examination for the knife
at the inquest, some two hours after the death, deceased's
knife was found in his pantaloons pocket, makes, in our
judgment, a case so questionable for the grant of a new
trial, on the gronnd of newly discovered evidence, that we
cannot say the judge abused his discretion in refusing it.

But when to this is added the fact that neither the de-
fendant nor his counsel testify that they knew nothing of

this testimony until after the trial, we are but the better satisfied that the motion for a new trial was properly overruled.

Judgment affirmed.