## HARRIS v. THE STATE.

1. In order for this court to control the discretion of the trial judge in refusing to grant a motion for the postponement of a criminal case to allow counsel to prepare for trial, it is necessary that it should appear that a gross mistake has been made by the trial judge, or that he has displayed a want of consideration for the rights of the accused.

2. The evidence for the State authorized, even if it did not demand, a finding that the accused was guilty of murder. His statement was in effect a plea of guilty of this offense. The requests to charge, so far as legal and pertinent, were covered by the general charge. The charges excepted to were free from error; and no sufficient reason has been shown for reversing the judgment overruling the motion for a new trial.

Argued November 16, — Decided December 8, 1903.

Indictment for murder. Before Judge Roan. Fulton superior court. October 24, 1903.

*S. C. Crane*, for plaintiff in error.
*John C. Hart, attorney-general*, and *C. D. Hill, solicitor-general*, contra.

COBB, J.　On the night of October 3, 1903, H. C. Drasbach, a policeman of the City of Atlanta, was killed while on duty wearing the uniform of the police force of the city.　Within a few days after the killing an indictment was preferred by the grand jury of Fulton county, charging John Harris with the murder.　On Sunday, October 18, the accused was arrested in the State of South Carolina, and, having been brought to Atlanta, was, on the Monday morning following, arraigned in court under the indictment.　He indicated a desire to plead guilty, but the court refused to permit this until he had conferred with counsel.　It was then made to appear to the court that he was not able to employ counsel, and the court appointed two members of the Atlanta bar to represent him, and announced to the accused and his counsel that the case would be called for trial on the following morning.　At the time this announcement was made neither the accused nor his counsel asked for more time.　When the case was called on the morning of the 20th, one of the counsel appointed to represent the accused asked for a postponement of the trial, in order to give counsel time to prepare the case for trial.　The court inquired if counsel had any witnesses they desired brought into court, and they replied that there were none so far as they knew.　Upon being asked on what grounds they desired a postponement, they failed to inform the court of any reason why they were not then as ready for trial as they ever would be.　The court then announced that the postponement would be refused, unless counsel would assign some reason why more time should be allowed; and, counsel failing to assign any reason, the court ordered the trial to proceed.　Counsel then asked the court for one hour in which to confer with their client and prepare for trial, and this time was given.　At the expiration of the hour, the case was again called, and no application was then made for a further postponement.　The trial proceeded, and the accused was found guilty and sentenced to be hanged.　A motion for a new trial was made upon the general grounds, and an amendment was filed thereto in which error was assigned upon the judgment overruling the motion to postpone, upon the refusal of the judge to give various charges requested, and upon certain extracts from the charge.　The motion was overruled, and the accused excepted.

1.　Undue haste in the administration of the criminal law is as

much to be condemned as unnecessary delay. The true course lies between these two extremes. The law vests the determination of questions relating to the time of trial in the discretion of the trial judges; and this court will not interfere with their rulings on the subject, unless it is manifest that there has been an abuse of discretion. *Eberhart* v. *State*, 47 *Ga.* 598 (1); *Moody* v. *State*, 54 *Ga.* 660; *Walton* v. *State*, 79 *Ga.* 446 (1); *Stevens* v. *State*, 93 *Ga.* 307 (2); *Charlon* v. *State*, 106 *Ga.* 400 (2); *Baker* v. *State*, 111 *Ga.* 141 (1); *Simmons* v. *State*, 116 *Ga.* 583 (1). While the time allowed counsel to prepare for trial was very short, only twenty-four hours, and it would perhaps have been well if the judge had postponed the trial for a few days in order that all suspicion of undue haste might have been thereby prevented, still, under the peculiar facts of the case, we can not say that the judge has so abused the discretion vested in him that this court should overrule his judgment. If the case had been one involving intricate questions either of law or fact, the time allowed counsel to prepare for trial would not have been reasonable. The case was free from anything like intricacy either in its facts or in the law applicable thereto. According to the testimony of an eye-witness for the State, the accused was guilty of a willful and atrocious murder. There was no evidence introduced by the accused, and the statement of the accused, which as to material points was at variance with the evidence for the State, was nevertheless in effect a plea of guilty of the crime of murder. See *Moody's* case, 54 *Ga.* 660 (3). In substance he said that he was involved in a quarrel with another, who was in front of him, and that hearing some one coming up behind him, whom he supposed to be a friend or associate of the person with whom he was quarrelling, without looking to see whom it was or for what purpose he was approaching, the accused threw his hand behind him with an open knife in it, making, as he described it, a backhanded lick, and as a result of the wound thus inflicted with the knife the policeman, who was approaching for the purpose of arresting the accused, came to his death. Under such circumstances the killing was murder, without reference to whether the deceased was an officer or a wrong-doer, and without reference to whether he had or did not have authority to make the arrest. See, in this connection, *Middlebrooks* v. *State*, 118 *Ga.* 773. Under the circumstances, throw-

ing the hand with such force that the knife would enter the body of one approaching from the rear and inflict a mortal wound was an unlawful act which in its consequences tended to destroy the life of a human being; and as it resulted in the destruction of life, the slayer was guilty of murder, notwithstanding there may have been an absence of intention to kill.   Penal Code, § 67.   Under all the circumstances of the case, we can not say that the action of the judge on the motion to postpone was so manifestly wrong as to indicate that he was displaying such undue haste as that the accused was injured thereby.   In order to overrule the discretion of the trial judge in such a case, it must appear that a gross mistake on his part has been committed, or that he has displayed want of consideration for the rights of the accused.   See *Eberhart's* case, supra.   The present case does not come within the rule just stated.   In *McArver's* case, 114 *Ga.* 514, the judge refused to allow counsel any time, but forced them to trial immediately after their appointment.   It does seem that there can be no two opinions that such a course as this would be an abuse of discretion.

2. Error is assigned, in the motion for a new trial, upon the failure of the judge to give in charge certain written requests, and also upon certain extracts from the charge as given.   The entire charge of the judge appears in the record, and an inspection of it shows that the case was fairly submitted to the jury.   Even if that ground of the motion which complains of the refusal to give the requests was approved by the trial judge in such a way as to authorize this court to deal with it, the requests, so far as they were legal and pertinent, were covered by the general charge.   The extracts from the charge which were complained of were free from error.   No sufficient reason appears for reversing the judgment overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concur.*