## WIDINCAMP v. THE STATE.

EVANS, P. J.   1. Where the court gives in charge the law as to the degree of strength of circumstantial evidence necessary to support a conviction for crime, as defined in the Penal Code, § 984, it is not error to refuse a request to charge which is but a paraphrase of that section with no concrete application to the specific case.

2. When newly discovered evidence is relied on as a ground for new trial it should appear that the defendant and his counsel were ignorant of it until after the trial. If there be more than one counsel, it must be made to affirmatively appear that all of them were ignorant of the existence of the alleged evidence at the time of the trial. *Lee* v. *State*, 69 *Ga.* 705; *Leathers* v. *Leathers*, 132 *Ga.* 211 (63 S. E. 1118).

3. Objections propter affectum to a juror must be made before the trial. If urged after verdict as a ground for new trial, the movant must satisfy the court that the circumstances relied on to establish the juror's disqualification were unknown to the defendant and his counsel at the time of the trial, and, where the defendant had more than one counsel, that each of his counsel was ignorant of such circumstances until after the trial. *Anderson* v. *State*, 14 *Ga.* 709.

4. The evidence, though circumstantial, was sufficient to authorize the verdict, which has the approval of the trial judge, and his discretion in refusing a new trial will not be disturbed.

                    *Judgment affirmed. All the Justices concur.*
                    NOVEMBER 15, 1910.

Indictment for murder.    Before Judge Seabrook.    Tattnall superior court.    July 2, 1910.

*Twiggs & Gazan* and *H. H. Elders,* for plaintiff in error.

*H. A. Hall, attorney-general, N. J. Norman, solicitor-general,* and *Edwin A. Cohen,* contra.