## 2847.  Renfroe *v.* The State.

Russell, J.  1. Though the defendant's motion for a continuance might properly have been granted, in view of the fact that the indictment had been returned two days prior to the trial, the court's refusal to continue the case was not injurious to him; because it appears from the record that the witnesses whose presence he desired were introduced and testified upon the trial. The statement of the defendant's counsel that he had not had sufficient time to prepare the case for trial since his employment, under the peculiar facts of this case, was addressed entirely to the discretion of the court, and it does not appear that this discretion was abused.

2. There was no request in writing that the jury be instructed that if they believed from the evidence that the circumstances were sufficient to excite fears of bodily harm less than a felony, then the defendant's offense would have been voluntary manslaughter if the person assaulted had died; nor was there any evidence in support of this view of the case; consequently, the omission to charge, of which complaint is made, was not error.

3. Neither the fact that the person who was assaulted had made grave charges against his own wife, who was the defendant's sister, nor the fact that he did not believe these charges to be true when he made them, would justify the defendant in shooting him, or reduce the homicide, if death had resulted from such shot, from murder to manslaughter.

4. There was no error in refusing a new trial.     *Judgment affirmed.*

                    Decided January 31, 1911.

Indictment for assault to murder; from Lowndes superior court —Judge Mitchell.  July 1, 1910.

*G. A. Whitaker,* for plaintiff in error.

*J. L. Ridgdill, solicitor-general, E. K. Wilcox,* contra.