### 3682. GRUSIN v. THE STATE.

1. There was no abuse of discretion in overruling the motion for a continuance.
2. The evidence amply authorizes the verdict of guilty, and no error of law appears.

DECIDED NOVEMBER 20, 1911.

Accusation of misdemeanor; from city court of Richmond
county—Judge W. F. Eve.   August 1, 1911.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*J. C. C. Black Jr., solicitor, John M. Graham,* contra.

RUSSELL, J.   Grusin was convicted under an accusation charg-
ing him with having violated the prohibition law by selling intoxi-
cating liquors, and by keeping such liquors on hand at his place
of business.   He excepts to the refusal of a new trial.

As to the general grounds of the motion for a new trial it is
sufficient to say, that there was proof that on the day alleged in the
accusation, a policeman, who searched the grocery store and ad-
joining " near beer " saloon of the accused, found in both places a
large quantity of whisky in bottles,—enough to make a wagon-
load, and that the accused begged him not take it all, but to take
"just enough to make out a good case;" and that others testified
to both the keeping and the frequent selling of intoxicating liquors
by the accused at his place of business.

The next ground of the motion for a new trial is that the court
refused the defendant a continuance upon the following showing:
The defendant testified, that he was arrested and was required to
sign two appearance bonds,—one for his appearance before the
recorder of the city of Augusta on the charge of violating the
city ordinance as to keeping liquor on hand for illegal sale, the
other for his appearance at the city court on the charge of violating
the State prohibition law; that he understood that his trial be-
fore the recorder was for the purpose of determining not only
as to violation of the city ordinance, but also as to whether there
was sufficient evidence to bind him over to the city court, the re-
corder being also a committing officer; that the trial before the re-
corder resulted in his dismissal, and he was under the impression
that this dismissal carried with it a dismissal of the State charge;
that at the March term of the city court, at which the motion for
a continuance was made, he looked over a list of the cases assigned
for that term, published in one of the daily newspapers of the city,
and his case was not listed there; that he was notified the day
before the trial that his case would come up about 3 o'clock in the
afternoon, and he immediately employed counsel to defend him;
that "there was a witness, Annie Spires, in Columbia county, Geor-
gia, who was present on the Sunday that John Bird contended that

he bought whisky from defendant, and who would have testified that defendant sold no whisky, but he had not had an opportunity to procure said witness at the present trial, and had not had an opportunity to prepare his defense." The defendant's counsel stated that he could not safely go to trial, owing to the fact that he was employed the day before in the afternoon, and had not had an opportunity to examine the witnesses. Although the accusation had been drawn a week before the trial, and the case had been assigned for trial, the solicitor did not sign the accusation until the night before the trial. It was testified that the defendant's bondsman had been notified several days before the case came up for trial that it would be tried. The defendant denied that he had received notice from his bondsman, but it is stated that "his bondsman had called up his place and stated that said case would be tried on the 14th of April, and told his clerk, who notified defendant." The trial was on the 20th of April. The warrant on which the accusation was based was sworn out on the 20th of February, and its issuance was immediately followed by his arrest and the giving of the bond by which he obligated himself to appear at the March term of the court to answer this charge.

There was no abuse of discretion in refusing a continuance on this state of facts. "The party making an application for a continuance must show that he has used due diligence." Penal Code (1910), § 991. It can hardly be seriously contended that this defendant used due diligence, when, instead of regarding the requirement of his appearance bond and making due inquiry as to his case in the State court, he assumed that he was relieved from any further duty in the matter by the dismissal of a different charge against him in a municipal court and by the fact that the recorder did not bind him over upon a charge which he had already given bond to answer in the State court, or that he was entitled to rely upon a newspaper report which did not mention his case in giving a list of cases assigned for trial; especially when "his bondsman had called up his place and stated that said case would be tried on the 14th of April," which date was six days before the date of the trial, "and told his clerk, who notified defendant." It was his own fault if his counsel did not have sufficient time to prepare his defense. Moreover, it appears that after the employment of counsel, there was a part of a day, a night, and un-

til three o'clock in the afternoon of the next day in which to pre-
pare for trial; it does not appear that his counsel was ill or oc-
cupied with other cases; the witnesses were few, and there is noth-
ing to indicate that in the development of the facts anything would
have been gained for the defendant by delay, or that he was not
as well defended as he would have been if a postponement had
been granted. Only one of his witnesses was absent, and the state-
ment that he "had not had an opportunity to procure said witness
at the present trial" falls short of the showing required by the
Penal Code (1910), § 987. Besides, it seems that her testimony
would have been of merely negative character and would have re-
lated to but one sale, and the case was abundantly made out by
proof as to other sales and as to the keeping of liquor. Injury to
the accused must clearly appear, before a reversal will be granted
for refusal to postpone. *Hightower* v. *State, 9 Ga. App.* 236.

It is complained that the court erred in admitting testimony of
Britt, a police officer, as follows: "Gus Hughes and Felix Apper-
son brought that whisky to me at the police headquarters. I have
tasted pretty near all kinds of gin, and it is intoxicating. I
gave Gus Hughes $1 to see if he could buy some whisky. He re-
mained away probably three quarters of an hour or an hour, when
he returned and brought me that bottle of whisky and another bot-
tle half full." The sole objection made to this testimony was that
"any sayings had out of the presence of the defendant would not
be binding upon the defendant, and were hearsay." This testi-
mony, however, does not give any sayings; and it was clearly ad-
missible in connection with the testimony of Gus Hughes as to his
having delivered to this witness whisky which he had bought from
the defendant with $1 which had been given to him by the wit-
ness for that purpose.

The allowance of a leading question, as to which complaint is
made in the 6th ground of the motion for a new trial, was a mat-
ter within the discretion of the trial judge.

John Bird testified to a sale of whisky by the defendant to one
Stetson on "the 20th of last February." This testimony was ob-
jected to (1) because it was not offered until after the State had
made out its main case and rested, and the defendant had put
in his evidence, and it was not in rebuttal, but related to a sep-
arate criminal transaction from the one made out in the main case;

and (2) because it was irrelevant, the date of the warrant being the 20th of February, and it being incumbent on the State to show that the sale occurred prior to the issuing of the warrant. Reopening the case for the reception of additional evidence was discretionary with the court; and the defendant was not surprised by this testimony, for a postponement of the case had been asked before the trial began, in order to procure a witness to rebut it. As to the date of the sale, the witness testified positively that the day was Sunday. The calendar shows that the 20th of February was on Monday. The jury were authorized to believe that he was correct as to the day of the week and in error as to the day of the month,—that is, that the date of this sale was the 19th, instead of the 20th. The judge instructed them that they could not consider any sale occurring after the swearing out of the warrant.

There is no merit in the contention that the statute forbidding the expression or intimation of an opinion by the court as to the facts, in charging the jury, was violated by the statement, "That makes the crime complete," etc., in the following instruction: "If you find that he carried on any mercantile business or carried on a 'near beer' establishment, and that he had prohibited liquors at his 'near beer' saloon, then he would be guilty of violating the law, even if there is no evidence of a sale or giving away. That makes the crime complete—having it at his place of business."

Reading in connection with its immediate context the extract from the instructions of the court on the effect of evidence of good character, it is not subject to the objection made in the motion for a new trial. Besides, there was no evidence on which to base a charge on this subject.

There is no other ground requiring a new trial.

*Judgment affirmed.*