*J. L. Mayson, S. D. Hewlett,* contra.

---

### 9432.  STAMPER *v.* THE STATE.

1. It appearing that after the defendant had been arrested and bound over and had given bond for his appearance at the term of the superior court at which the indictment was found, he had ample time to have his witnesses summoned and to prepare for trial, the trial judge did not abuse his discretion in overruling the motion for a continuance.

2. The verdict was authorized by the evidence.

　　　　　　　DECIDED MARCH 6, 1918.

Indictment for adultery and fornication; from Ben Hill superior court—Judge Crum. November 7, 1917.

Stamper was indicted for the offense of adultery and fornication, and was convicted. He made a motion for a new trial upon the

general grounds, and also upon the ground that the court erred in overruling his motion for a continuance, in which he set up that he had just been arrested and brought into court, and that he had not time to get his witnesses, and had not had time to consult his lawyer about the case against him; that he wanted Mrs. Barnes as a witness, and expected to show by her that he did not commit adultery with her; that he also wanted Butterworth as a witness, and expected to show by Butterworth that he (the accused) had not been away from the tent long enough to have gone to the place where the State's witnesses would testify that he had gone; that he also wanted Graham as a witness, and expected to show by Graham that he (the accused) did not go to the Ocilla Southern Railroad, where the said offense of adultery was said to have been committed; that he had not had the witnesses subpœnaed, because he had not had time; that he was committed to this court under bail by Justice Luke; that the defendant's attorney had not had time to confer with him since the indictment was returned, which was late in the afternoon before or early in the morning of that day; that this was the first the attorney knew of the indictment, and he was not prepared to try the case at that time, but would be ready for trial on the following morning; that the attorney had been engaged on cases in court, and had not had time to prepare this case, as the bill of indictment had just been returned, and the defendant had just been brought into the court-room. In a note appended to the motion the court stated that it appeared, on the showing for a postponement, that the defendant had been bound over to that term of the court on the same charge as that upon which he was indicted, that none of the witnesses referred to by the defendant had been subpœnaed, and that the court sent an automobile for Mrs. Barnes, the material witness, and that she reached the court and testified for the defendant on the trial.

The court overruled the motion for a new trial, and the defendant excepted.

*F. M. Powers, J. H. Dodgen,* for plaintiff in error.

*J. B. Wall, solicitor-general, Jesse Grantham,* contra.

HARWELL, J. (After stating the foregoing facts.) The court, as the record shows, sent for Mrs. Barnes, the woman with whom the defendant is alleged to have had sexual intercourse, and she testified in his behalf; so that the motion for a continuance on

the ground of her absence need not be considered. Now as to the motion to continue in order that the defendant might subpœna the other two witnesses, Butterworth and Graham, and in order that his attorney might have further time for preparation to try his case. It appeared on the showing that the defendant had been tried and bound over to that term of the court (the term at which he was tried) by Justice Luke, under bail, on the same charge as that upon which the indictment was found, and that none of the witnesses upon whose absence the showing for a continuance was made had been subpœnaed by the defendant. The commitment by Justice Luke evidently refers to the preliminary trial before the justice of the peace. It does not appear when the commitment trial was had, but it does appear that the alleged offense took place on August 5, 1917, and that the defendant was arrested that night, and that the final trial in the superior court took place on August 29, 1917; so that the defendant evidently had ample time to subpœna his witnesses, employ a lawyer, and prepare for trial.

"While ample time to prepare for trial should be allowed to one accused of crime, it is the duty of a defendant, who has given bond for his appearance at a specified term of the city court, to employ counsel and take any other steps essential to his defense, in advance of the term of court at which he is bound to appear; and a motion for continuance by one who had waited until the case had been sounded for trial, to employ his counsel, although he was previously under bond to appear at the court, was properly overruled." *Walker* v. *State,* 11 *Ga. App.* 251 (74 S. E. 1100) ; *Renfroe* v. *State,* 8 *Ga. App.* 676 (70 S. E. 70); *Grusin* v. *State,* 10 *Ga. App.* 149 (75 S. E. 350) ; *Shivers* v. *State,* 53 *Ga.* 149 (1); *Lewis* v. *State,* 89 *Ga.* 803 (15 S. E. 772); *Jones* v. *State,* 115 *Ga.* 814 (2) (42 S. E. 271); *Fitzgerald* v. *State,* 126 *Ga.* 556 (55 S. E. 482).

Under the facts appearing in the instant case, the trial judge did not abuse his discretion in refusing to grant a continuance. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*