Gueriiy, J.
Charlie Thompson was charged with having, on September 4, 1934, committed an assault and battery on Mrs. Pauline Melton. Defendant was arrested on September 25, 1934, at which time he was placed in jail, and he remained there until October 2, when he was again released on bond. The case was set for trial October 3, and when called the defendant announced that he had employed Mr. Elournoy to represent him and that Mr. Elournoy was in Atlanta, but would <<rbe back tomorrow,” and he would be ready for trial at that time. Witnesses for defendant were subpoenaed' to be present the 4th of October. When the case was called on the next day Mr. Elournoy stated that he had not been employed and would not represent the defendant, and so told him the night before. Defendant, at the call of his case, employed Mr. McGehee. Mr. McGehee thereupon stated to the court *6 that he had just been employed and had not had time to prepare his case, and requested the court to postpone the trial until the next day. This request was refused by the court' and time was granted to counsel to interview witnesses. After such ruling by the court counsel announced ready. A verdict of guilty was returned against the defendant. Under the above stated facts we do not think the action of the trial judge was error. The defendant had ample time to procure counsel from the time of his arrest until the case was called for trial. The case was continued for one day after it was called, upon the defendant’s announcing that he would be ready the next day. While counsel who represented the defendant appears to have been entirely without fault, the defendant was not in a position to ask further delay, and the trial judge did not abuse his discretion in refusing to grant it. Ivey v. State, 154 Ga. 63 (113 S. E. 175); Stamper v. State, 21 Ga. App. 798 (95 S. E. 266), and cit.
Headnotes 2 and 3 require no elaboration.

Judgment affirmed.

Broyles, C. J., and MacIntyre, J., concur.