CANNADY *v.* THE STATE.

No. 13275. MAY 14, 1940.

228

*J. C. Newsome* and *G. F. Dukes Jr.*, for plaintiff in error.

*Ellis G. Arnall, attorney-general, W. H. Lanier, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

GRICE, Justice. James Cannady was convicted of murder committed on November 14, 1939, and was sentenced to be electrocuted. In his motion for new trial error was assigned on the court's refusal of a continuance of the trial, on motion based on the ground that his counsel had been given barely twenty-four hours in which to prepare therefor, which the movant's counsel contended was insufficient time in which to inquire into the mental condition of their client or otherwise prepare his defense; that both of the counsel were engaged during this time in attendance on court and in attending to other matters in connection therewith; and that before their appointment they had never known the defendant, or anything about his tendencies toward crime, or his mental condition, nor did they know the reputation of the deceased for violence, or his general character. There is no insistence on the general grounds of the motion for new trial, but it is urged that the judgment denying a new trial should be reversed because of the ruling stated in the headnote. That part of the record pertinent to the question is contained in the statement just preceding. No further light is thrown upon it by any recital in the bill of exceptions. It is the contention of the plaintiff in error that he has been deprived of the constitutional guaranty of the privilege and benefit of counsel, as contained in paragraph 5 of section 1 of article 1 of the constitution of this State (Code, § 2-105) ; and that the appointment of counsel to defend him, without allowance of sufficient time to prepare his defense, would be "to keep the word of promise to our ear and break it to our hope."

We recognize the principle thus contended for. *Blackman* v. *State,* 76 *Ga.* 288; *Reliford* v. *State,* 140 *Ga.* 777 (79 S. E. 1128). But it must not be overlooked that on the trial court rests the duty of disposing of cases with reasonable dispatch. Unnecessary delay and undue haste in the administration of the law are both to be condemned. As was said in *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973), the true course lies between these two extremes. An examination of the decisions of this court will demonstrate that the broad discretion given to the presiding judge in granting or refus-

ing to continue trials is not to be disturbed unless manifestly abused. See the authorities cited in the *Harris* case, last cited. Whether or not a reversal is to be adjudged because counsel were not allowed sufficient time to prepare the case for trial is to be determined by the particular facts and circumstances of each case. See *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488) ; *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175) ; *Waters* v. *State,* 158 *Ga.* 510 (123 S. E. 806). In the *Harris* case, supra, it was held that the allowance of twenty-four hours for counsel to prepare for trial did not show an abuse of discretion. In the instant case there was no suggestion that there were any absent witnesses, or that the case involved intricate questions of law or fact. Under the evidence, it was a cold-blooded assassination, with robbery as its motive. The defendant's statement was but a plea for mercy. There is nothing in the record to indicate that he was deprived of any substantial right in being refused a continuance. While a defendant accused of crime is entitled to a fair and impartial trial, and not only to be represented by counsel but to have the benefit of counsel, it ought also to be remembered that society as a whole is entitled to some rights, an important one of which is that speedy conviction be had of those who are guilty of crime. Under our judicial system many matters are and must be left to the discretion of the trial judge. No error appears.

*Judgment affirmed. All the Justices concur.*