30452. BOWER *v.* THE STATE.

DECIDED APRIL 22, 1944.

*George H. Carswell, Rubye G. Jackson,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

GARDNER, J. The defendant was convicted of assault with intent to murder. His motion for new trial, was overruled, and he excepted. The State's evidence showed an unprovoked, serious shooting of the victim with a shotgun, maiming her for life. The defendant contended that the shooting was accidental. So far as the general grounds are concerned, he is without doubt guilty. On the call of the case the court appointed counsel for the defendant. His counsel made a motion for continuance on several grounds. We commend him for his able services in the trial of the case, as well as for the able manner in which he has presented the case here for review. But we are of the opinion that the trial judge did not abuse his discretion in overruling the motion for new trial on any of the grounds, and that he was very clearly justified under the record in doing so. For this reason we rest our affirmance of the case on the judgment overruling the motion. That judgment, as shown by the record, is as follows:

"As to the general grounds, it may be said that the defendant predicated his defense upon the theory of accident, while the State contended that the defendant, with malice and with the intent to

kill, shot Louvenia Whipple as set forth in the indictment. The cause appears traceable to the defendant's resentment over objections voiced by Louvenia concerning his relationship with her mother, Gertrude Knight. The jury, having opportunity to observe the prosecuting witness, and the severity of the wound inflicted upon her, as well as hearing the statement of the defendant, believed the defendant guilty under the law and the evidence, and by their verdict so found. The amended motion contained three grounds. They will be considered together. The allegations are similar, and set forth the following contentions: (1) That the court erred in failing to grant a continuance in order to enable the defendant to have certain witnesses brought into court: (2) that the court erred in failing to grant a continuance in order to allow the defendant time to procure counsel of his own choosing; and (3) that the court erred in failing to grant a continuance in order to enable appointed counsel to properly prepare the case for trial. The averments set forth in the three special grounds, while factual in nature, are understood as being merely contentions, and are to be considered in the light of the record. Upon the call of the case, upon inquiry by the court, the defendant stated that he did not have counsel, and thereupon George H. Carswell, Esq., of the Irwinton bar, was appointed to represent him. Motions for continuance were made, but were not reported. Attached to the record is a stipulation between counsel for the State and the defendant as to what transpired, in the main, during the hearing of these motions. To this stipulation the court has attached a copy of the bond introduced in evidence by the State. As stated in the stipulation, about thirty minutes after his appointment, counsel for the defendant moved a continuance of the case in order to procure the attendance of certain witnesses who were not present, and who had not been subpœnaed: The court directed the solicitor-general to proceed with the trial of another case and officers were sent for the witnesses desired by the defendant. Upon the conclusion of the substituted case, the case against the defendant was again sounded, and the defendant again moved a continuance. During the course of this hearing, the bond purported to have been given by the defendant was introduced in evidence by the State. The court, finding that the bond had been given, ordered the case to trial, with the announcement that if the defendant's witnesses were available dur-

ing the course of the trial they might be introduced. The indictment charges that the offense was committed on August 29, 1942, and the bond of the defendant appears to have been given on September 11, 1942. The indictment was returned at the October term, 1942. The special grounds of the motion allege that the defendant was not arrested until the night of July 7, 1943, and that he was placed on trial the following day. It is also alleged that the defendant did not have notice of the charge against him until his arrest on July 7. But these contentions do not comport with the record. The bond bears date of September 11, 1942 (being produced in court by the sheriff of the county), and the defendant, in his statement to the jury, said: 'God in Heaven tell you, her sister went up there, she told her sister to come down here and tell them not to take me with a warrant, to come here and tell Sheriff Sanders to *take up the warrant,* that I didn't shoot her intentionally. . . Her sister went to the sheriff and told him out of her own mouth how Louvenia told her to come and take up the warrant, because I shot accidentally, told Mr. Sanders sitting there himself, she told him that. . . She told her sister to *come here and take up the warrant.'* Thus, it would appear that the defendant had knowledge that a warrant against him was outstanding, and that to answer such charge as might be returned against him, he had given bond approximately ten months prior to the date of trial. It is contended that the defendant was first arrested and placed in jail on the night of July 7, 1943. In the absence of a showing to the contrary, the term at which the bond was returnable having passed, it will be presumed that he was taken into custody on a bench warrant or upon surrender by his bail. While 'undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay.' (*Harris* v. *State,* 119 'Ga. 114, 115 [45 S. E. 973]). Yet in the present case two regular terms of the court had passed, and, so far as the record indicates, the defendant had taken no steps to employ counsel or have witnesses for his defense subpœnaed. The applicable rule in such cases, and the one applied by the court on the trial, is stated in *Thompson* v. *State,* 51 *Ga. App.* 5 (179 S. E. 200), where it is said: 'While ample time to prepare for trial should be allowed to one accused of crime, it is the duty of a defendant who has given bond for his appearance at a specified term of the court to employ counsel and

take any other steps essential to his defense in advance of the term of the court at which he is bound to appear, and a motion for postponement by one who had waited until the case had been sounded for trial, or until the day of the trial, to employ his counsel, although he was previously under bond to appear at the court, was properly overruled.' See also, *Stamper* v. *State,* 21 *Ga. App.* 798 (95 S. E. 266); *Walker* v. *State,* 11 *Ga. App.* 251 (74 S. E. 1100)."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*