## MOORE v. THE STATE.

JENKINS, Chief Justice. 1. The motion for new trial in this case does not conform in any of its grounds to the requirements of a motion for new trial on account of newly discovered evidence. In such a motion it must be made to appear by affidavit of the movant and each of his counsel that: "They did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character and credibility must be adduced." Code, § 70-205. See also numerous cases cited in Vol. 9 Enc. Digest of Ga. Repts., page 683. While we have quoted the language of the Code, this court in *Widincamp* v. *State*, 135 *Ga.* 323 (69 S. E. 535), has construed the first sentence of the statute to mean that, "When newly discovered evidence is relied on as a ground for new trial, it should appear that the defendant and his counsel were ignorant of it until after the trial."

2. "Motions for continuances are addressed to the sound discretion of the trial court; and the ruling of the judge below upon the question will not be disturbed; unless it appears that the refusal to grant the continuance was an abuse of his discretion." *Anderson* v. *State*, 190 *Ga.* 455, 458 (3) (9 S. E. 2d, 642); *Lyles* v. *State*, 130 *Ga.* 294 (60 S. E, 578); *Hilton* v. *Haynes*, 147 *Ga.* 725 (2) (95 S. E. 220); *Harris* v. *State*, 119 *Ga.* 114 (45 S. E. 973); *Cannady* v. *State*, 190 *Ga.* 227 (9 S. E. 2d, 241); Code, § 81-1419.

(*a*) Where a continuance is urged on the ground that counsel were not allowed sufficient time to prepare the case for trial, whether or not the court in ruling on that question has abused its discretion is to be determined by the particular facts and circumstances of the case as then presented.

(*b*) In several of the grounds for new trial, it is contended that the defendant has been deprived of a substantial right in the refusal of the court to grant a continuance, for the reason that, had the motion for continuance been allowed and had counsel been given more time to prepare his case, he would have discovered the defendant's alleged mental con-

dition; and that, despite the conflict in evidence on that question, he could have made a plea to the jury which might have influenced them to recommend mercy. Under the rule just stated under subsection (a), of this opinion, this contention is without merit, for the reason that it overlooks the fact that the discretion of the trial court was exercised on the basis and under the state of facts as presented at the time the motion for continuance was made, and it would be improper to override the court's discretion in denying a continuance upon grounds not urged at the time the motion for continuance was made, but based on an alleged state of facts not then presented.

(c) In the instant case, the court did not give application to the rule just stated; but proceeded to hear the case on its merits with respect to the mental capacity of the defendant; but, even under this view, that is, treating the motion as though compliance had been made with all rules relative to a motion based on newly discovered evidence, we would not be able to hold as a matter of law that the court abused its discretion in overruling the motion for continuance on the theory that, had the same been granted, the defendant's counsel might have been enabled to discover and present the facts as to the defendant's mental capacity, in order to influence the jury in recommending mercy in connection with their verdict of guilty. As to whether or not such evidence would be admissible for such a purpose as a matter of law, it is unnecessary to decide. See *Rogers* v. *State*, 128 *Ga.* 67, 68 (1) (57 S. E. 227, 10 L. R. A. (N. S.) 999, 119 Am. St. R. 364), where the court appears to hold to the contrary, but which case the plaintiff in error seeks to now overrule.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

No. 15832. JUNE 12, 1947.

360

*R. S. Wimberly*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. L. Forrester, Solicitor-General*, and *Wright Lipford, Assistant Attorney-General*, contra.