32121. TOWNSEND *v.* THE STATE.

Decided September 25, 1948. Rehearing denied December 16, 1948.

R. C. *Whitman, Reuben C. Whitman Jr.,* for plaintiff in error.
C. *S. Baldwin Jr., Solicitor-General,* contra.

MacIntyre, P. J. The defendant, James F. Townsend, was jointly indicted with two others for assault with intent to mur-

der. Upon the call of the case the defendant elected to sever and he was placed on trial. The jury returned a verdict of guilty of assault and battery; and the defendant moved for a new trial. His motion was overruled, and he excepted.

1. Judge George S. Carpenter of the Ocmulgee Circuit, who was the trial judge, rendered a written opinion for the record. In his opinion overruling the motion for a new trial in the instant case, he stated as to special ground one: "Special ground one complains that the court erred in overruling the defendant's motion for a continuance. The motion was made by counsel, and was not supported under oath by the defendant, either by affidavit or testimony, and was based on the ground that counsel had not had sufficient time to prepare the case for trial. The proceedings relating to the motion are set forth in the brief of evidence.

"In ruling on the motion, the court stated: 'Gentlemen, it appears in this case that the warrant was issued on the 7th day of April, 1948. It also appears that on the 10th day of April, 1948, a commitment hearing was had, and the defendant was admitted to bail to appear at the term of this court beginning on April 12, 1948, to answer the offense of assault with intent to murder. It further appears from the papers before the court that the indictment was returned in this case on Monday afternoon, April 12th. It also appears that, prior to the commitment hearing and at the commitment hearing, the defendants were represented by Mr. Godfrey, of Sandersville, as attorney. Upon the return of the indictment the court suggested to the solicitor-general that he confer with defendant's counsel and arrange for a date for the trial. That was done and the court was informed that Friday, April 16th, at 9 o'clock would be a satisfactory date. In accordance with that agreement, the case was set down for trial at that time. The defendant is now represented by Messrs. Whitman and Whitman. The senior member of that firm is Judge R. C. Whitman, and he is a distinguished and able lawyer. The rule in a case where a defendant is under bond is stated in this way by the Court of Appeals of this State. "While ample time to prepare for trial should be allowed to one accused of crime, it is the duty of a defendant who has given bond for

his appearance at a specified term of court to employ counsel and take other steps essential to his defense in advance of the term of the court at which he is bound to appear, and a motion for continuance by one who had waited until the case had been sounded for trial to employ his counsel, although he was previously under bond to appear at court, was properly overruled.' [*Walker* v. *State*, 11 *Ga. App.* 251 (1) (74 S. E. 1100).]"

"The court, in passing on the motion, also stated: 'The court agreed to the setting of this case today in order to give the defendant as much time as would be permissible if the case was to be tried at this term. If the case is not tried today, it would necessarily go over for the term. In view of the fact that he is under bond, and in view of the nature of the case and the ability of his counsel, I overrule the motion.'

"In the course of the hearing on the motion, it further appeared that on Monday or Tuesday, after the return of the indictment, the solicitor-general advised the defendant that the case had been specially set for Friday, April 16th, and that if defendant was unable to procure the services of counsel of his own selection, he should request the court to appoint counsel for him. No request was made of the court to appoint counsel.

"There was no abuse of discretion in overruling the motion for continuance. Compare *Charlon* v. *State*, 106 *Ga.* 400 (2) [32 S. E. 347]; *Kelloy* v. *State*, 151 *Ga.* 551 (1) [107 S. E. 488]; *Ivey* v. *State*, 154 *Ga.* 63 [113 S. E. 175]; *Gore* v. *State*, 155 *Ga.* 642, 644, 645 [118 S. E. 40]; *Waters* v. *State*, 158 *Ga.* 510 (4) [123 S. E. 806]; *Holley* v. *State*, 191 *Ga.* 804, 805 (1) [14 S. E. 2d, 103]; *Cannady* v. *State*, 190 *Ga.* 227, 228 [9 S. E. 2d, 241]; *Woodward* v. *State*, 197 *Ga.* 60 [28 S. E. 2d, 480]; *Smith* v. *State*, 198 *Ga.* 849 [33 S. E. 2d, 338]; *Allen* v. *State*, 10 *Ga.* 85, 92 (16).

"The accused being under bond, and the case being specially set at a time satisfactory with counsel who represented him at the commitment hearing, the defendant being advised of the date, and having made no request of the court to appoint counsel for him, and having waited until the night preceding the date fixed for the trial to procure counsel, it may be said, as in *Grusin* v. *State*, 10 *Ga. App.* 149, 151 [75 S. E. 350], that 'it was his own

fault if his counsel did not have sufficient time to prepare his defense.' Compare also: *Walker* v. *State,* 11 *Ga. App.* 251 [74 S. E. 1100]; *Stamper* v. *State,* 21 *Ga. App.* 798 [95 S. E. 266]; *Thompson* v. *State,* 51 *Ga. App.* 5 (1) [179 S. E. 200]; *Bower* v. *State,* 71 *Ga. App.* 45 [29 S. E. 2d, 925]."

We adopt this as our opinion as to this ground; and we might add that mere statements of the defendant to his counsel, repeated to the court in a motion for a continuance are, at most, in the nature of hearsay and would have no probative value. The court was not required to consider, on the motion for a continuance in this case, any conclusion drawn by counsel from such statements made by the defendant to him and argued to the court; for, insofar as the court was concerned, such would be mere hearsay and of no binding effect upon it. The court did not abuse its discretion in overruling the motion for a continuance and special ground one is not meritorious.

2. The record shows that, "after being out about four hours, the jury returned and requested a recharge on the punishment for the offenses of assault with intent to murder and assault and battery." In response to this request, the court charged the jury as follows: "Gentlemen, if you should convict this defendant of the offense of assault with intent to murder, it would be your duty to fix the punishment the defendant would receive by fixing a minimum and maximum penalty within the limits prescribed by law for that offense, those limits being not less than two nor more than ten years in the penitentiary, and in that event the form of your verdict would be, 'We, the jury, find the defendant, James F. Townsend, guilty, and fix his punishment at not less than so much time and not more than so much time in the penitentiary,' provided the minimum which you fix be not less than two years and the maximum not more than ten years. You can fix a minimum and maximum penalty at any term between those two figures.

"If you find the defendant guilty of assault with intent to murder as charged in the indictment, you have a right to recommend that he be punished as for a misdemeanor if you think proper, and in that event a misdemeanor punishment would be imposed, provided the court should approve the recommendation.

Should you find the defendant guilty of assault with intent to murder and wish to recommend a misdemeanor punishment, you would still first fix in your verdict the minimum and maximum punishment about which I have just charged you and to this verdict you would add your recommendation, the form of which verdict would be: 'We, the jury, find the defendant, James F. Townsend, guilty, and fix his punishment at not less than so much time and not more than so much time,' some period between two years and ten years, 'and we recommend that he be punished as for a misdemeanor.'

"Now, gentlemen, should you not believe beyond a reasonable doubt that the defendant is guilty of the offense of assault with intent to murder, you should not convict him of that offense. You would then look to the evidence and the defendant's statement and determine whether he is guilty of the offense of assault and battery, which is a misdemeanor, the punishment for that being a term not exceeding 12 months' service on the public works camp, and not exceeding six months' imprisonment in the county jail and a fine not exceeding one thousand dollars, any one or more or all of these in the discretion of the court. In the event you find the defendant guilty of assault and battery, gentlemen, the form of your verdict would be, 'We, the jury, find the defendant, James F. Townsend, guilty of assault and battery.' You may retire, gentlemen."

The defendant contends that this instruction was error, in that "it did not correctly state the law, for it took away from the jury the jury's right to look to the defendant's statement alone in determining whether or not the defendant was guilty."

The record bears out the written opinion of the trial judge, where it is stated: "It will be observed from reading the charge that the court instructed the jury relative to the statement of the defendant in the terms of the Code, § 38-415, and, before giving the charge complained of [in the original charge], had charged the jury that, 'if from a consideration of the evidence, and the statement of the defendant, or from the statement of the defendant alone, you believe the defendant, James F. Townsend, is not guilty, or there rests upon your mind a reasonable doubt of his guilt, it would be your duty to acquit him.'" Considering the

original charge, the request of the jury for a recharge upon the punishment for the offenses involved, and the recharge as given, this ground shows no reversible error.

3. As to the general grounds, the only argument of the defendant in the brief of his counsel is the mere statement, that "The verdict was contrary to the evidence and without evidence to support it." Upon a careful reading of the evidence, we agree with the trial judge that the evidence authorized the verdict of guilty of assault and battery. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*