### STARR *v.* THE STATE.

HAWKINS, Justice. Jesse Starr was convicted of rape, without recommendation, in Floyd Superior Court. To the judgment overruling his amended motion for a new trial he excepts. *Held:*

1. The record disclosing that counsel for the defendant were appointed on August 23, 1951, that they first conferred with the defendant on August 28, 1951, and that he was put upon trial on September 4, 1951—it does not appear that the trial court abused its discretion in overruling the motion for continuance made by counsel for the defendant upon the ground that "we of appointed counsel have not had sufficient time to investigate the facts of this case and prepare it adequately to give the defendant an adequate trial." The motion for continuance does not disclose the absence or inaccessibility of any witnesses who would have testified to anything favorable to the defendant, or that by the granting of additional time any other evidence favorable to the defendant could have been procured, or any other fact showing that the defendant was injured or prejudiced by the refusal to grant a continuance. "The time and opportunity which counsel has had to

prepare for trial is within the sound discretion of the trial judge and will not be interfered with unless abused." *Porch* v. *State,* 207 *Ga.* 645 (63 S. E. 2d, 902); *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973); *Moore* v. *State,* 202 *Ga.* 357 (43 S. E. 2d, 251); *Smith* v. *State,* 198 *Ga.* 849 (1) (33 S. E. 2d, 338); *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d, 241); *Griffin* v. *State,* 208 *Ga.* 746 (2) (69 S. E. 2d, 192).

2. Code (Ann. Supp.) § 59-705, which provides that both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge, contains no requirement as to when such examination of the juror by the defendant in criminal cases shall be made, except that it shall be conducted after the usual voir dire questions have been put by the court. Whether the examination of the individual juror by the defendant shall be made before or after the juror has been placed upon him by the State is a matter within the discretion of the trial judge. In the present case no abuse of that discretion is disclosed by the ruling, complained of in the second ground of the amended motion for a new trial, denying the request of counsel for the defendant "that the juror be put upon the prisoner before we are required to ask any of our qualifying questions." No harm to the defendant is shown to have resulted because of the ruling here complained of, since it is not shown that his counsel were prevented from asking any juror any question they desired touching any of the matters referred to in this Code section. It is entirely possible that such examination of the juror by the defendant would disclose the disqualification of the juror for cause, in which event he would be excused without requiring the State to determine whether to exercise its right to a peremptory challenge.

3. "Where on a trial for rape the court ruled out certain evidence which was objected to by counsel for defendant, it was not error that the court failed to instruct the jury that they were to disregard the testimony ruled out." *Annunciatio* v. *State,* 176 *Ga.* 787 (2) (169 S. E. 3). Under the foregoing ruling, the third ground of the amended motion for a new trial is without merit.

4. Even though the ruling complained of, in the fourth ground of the amended motion for a new trial, in admitting the testimony of the witness therein referred to could be held to be erroneous, it was rendered harmless when the trial court thereafter, on motion of counsel for the defendant, excluded all of the testimony of this witness.

5. The fifth ground of the amended motion for a new trial assigns error on the overruling by the trial court of the following motion of counsel for the defendant: "I would like to make a motion on behalf of the defendant for a mistrial on these grounds. The defendant was brought into the courtroom under heavy guard, and was manacled in the presence of the jury. Then upon leaving the courtroom while the jurors were getting their hats, he was manacled again, we say that that is prejudicial and we move for a mistrial." *Held:*

(a) While Code § 27-1401 provides that, "No prisoner shall be brought into court, for arraignment or trial, tied, bound or fettered, unless the court shall deem it necessary, during his arraignment or trial," this Code section leaves this matter in the discretion of the trial judge,

and in view of his ruling denying the motion for mistrial, this court will not assume that the trial court did not deem it necessary, the record being otherwise silent upon this question. The record fails to disclose how long the defendant remained manacled, or that any of the jurors observed that he was manacled; but, from the recitals above quoted, the manacles were evidently immediately removed upon his being brought into the courtroom, for it appears that, upon leaving the courtroom, and while the jurors were getting their hats, he was manacled again. In 14 Am. Jur. 855, § 132, it is said: "The failure, through an oversight, to remove shackles from a prisoner for a short time after proceedings have commenced, or any technical violation of the rule prohibiting shackling, not prejudicial to him, is not ground for a new trial; but where there is a substantial violation of the right, a new trial will be granted." In *Haden* v. *State,* 176 *Ga.* 304, 308 (6) (168 S. E. 272), it is held: "The judge did not err on the trial in overruling the motion of the defendant's attorney, made before a panel of traverse jurors was put upon the defendant, as set forth in the third ground of the amendment to the motion for a new trial, to discharge the panel of traverse jurors who saw the defendant brought into court 'handcuffed' by the sheriff without being authorized by order of the court and before the incident was known to the court, who, upon his attention thereto being called, immediately ordered the handcuffs removed." See also *Sheppard* v. *State,* 167 *Ga.* 326 (145 S. E. 654); *Fowler* v. *State,* 196 *Ga.* 748 (4) (27 S. E. 2d, 557); *Fowler* v. *Grimes,* 198 *Ga.* 84 (2) (31 S. E. 2d, 174).

(b) It also appears from the record that in charging the jury the trial judge instructed them: "One other thing I want to call your attention to, gentlemen. At the noon hour today there was a motion made in your presence for a mistrial, at which time I overruled the motion, the grounds of the motion being that the defendant was taken from the courtroom in your presence at the noon hour while manacled or had the handcuffs placed on him. I charge you, gentlemen, that if you saw that happen, that you must not let that enter into your deliberations at all upon the question of whether or not the defendant is guilty or not guilty. If you saw that happen—I do not know that you did see it—but if you did see it, gentlemen, you must not let that enter into your deliberations at all, on the question, or for any other question, but certainly not on the question as to whether or not he is guilty or not guilty, you will disregard that entirely, gentlemen, if you saw it. As I say, I don't know whether you did or not." Thus it appears that, even if there was a technical violation of the law prohibiting the shackling of the defendant which was observed by the jury, any prejudicial effect was completely removed by the specific instructions to the jury to disregard it entirely, and not to let it enter into their deliberation.

6. The general grounds of the motion for a new trial are not insisted upon, and the trial court did not err in overruling the special grounds.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17896. Argued June 9, 1952—Decided July 14, 1952.

*Hicks & Culbert*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *John W. Davis*, Solicitor-General, *J. E. Hyman* and *Rubye G. Jackson*, contra.