## STARR *v.* BALKCOM, Warden.

WYATT, Justice. Jessie Starr, plaintiff in error, was convicted of rape and sentenced to death by electrocution. From this conviction, he filed a motion for new trial and, when said motion was denied, brought his case to this court, and his conviction was affirmed. See *Starr* v. *State,* 209 *Ga.* 258 (71 S. E. 2d, 654). Later he filed an application for writ of habeas corpus before the Judge of the City Court of Reidsville, alleging that, by refusing his motion for continuance upon his trial, he was denied effective representation by counsel in violation of the 14th amendment to the Constitution of the United States and art. I, par. IV (Code, Ann., § 2-104) and art. I, par. III (Code, Ann., § 2-103) of the Constitution of the State of Georgia. He further alleged that the court erred in admitting an alleged confession that was not freely and voluntarily made, the contention being that he was denied due process of law under the 14th amendment to the Constitution of the United States, and that the admission of the confession was in violation of art. I, par. III (Code, Ann., § 2-103) of the Constitution of Georgia. After hearing evidence, the application for the writ of habeas corpus was denied and the prisoner remanded to the custody of the Warden of the Georgia State Prison. To this order, the plaintiff in error excepted and assigned the same as error to this court. *Held:*

1. When this case was before this court on the exceptions to the denial of the motion for new trial, this court said: "The motion for continuance does not disclose the absence or inaccessibility of any witnesses who would have testified to anything favorable to the defendant, or that by the granting of additional time any other evidence favorable to the defendant could have been procured, or any other fact showing that the defendant was injured or prejudiced by the refusal to grant a continuance. 'The time and opportunity which counsel has had to prepare for trial is within the sound discretion of the trial judge and will not be interfered with unless abused.'" *Starr* v. *State,* 209 *Ga.* 258 (71 S. E. 2d, 654). Therefore, in so far as the contention that the plaintiff in error was denied certain constitutional rights because of the refusal to continue his case is concerned, this question was and should have been decided on the motion for new trial, and was decided adversely to the contentions of the plaintiff in error. There is no merit in this ground.

2. The contention that the plaintiff in error was denied certain constitutional rights because of the admission of an alleged confession, which it is alleged was not freely and voluntarily made, is not argued by the plaintiff in error in this court. This contention will, therefore, be considered as abandoned.

3. It follows, the judgment of the court below denying the application for writ of habeas corpus and remanding the prisoner to the Warden of the Georgia State Prison was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18109. SUBMITTED FEBRUARY 9, 1953—DECIDED MARCH 9, 1953.

*Daniel Duke, Frank A. Bowers* and *A. T. Walden* for plaintiff in error.

*J. T. Grice, Deputy Assistant Attorney-General,* contra.