## 60339. BARRETT v. THE STATE.

POPE, Judge.

William Barrett was convicted in a jury trial on five counts of theft by receiving stolen property. In addition to his contention that one juror was disqualified to serve at his trial, appellant enumerates as error the trial court's failure to charge that receiving stolen property with intent to restore it to its rightful owner is an affirmative defense and by charging that "knowledge may be shown by circumstances which excite suspicion in the mind of an ordinarily prudent man." Finding no error, we affirm.

1. In support of his amended motion for new trial, appellant submitted the affidavit of one of his employees in which the employee related that after appellant had been indicted, a man who later sat as a juror at appellant's trial had expressed a dislike for appellant and a belief that he was guilty of the crimes charged. Affidavits were also submitted by appellant and his counsel to the effect that neither was aware of these declarations until after the trial. *Widincamp v. State,* 135 Ga. 323 (3) (69 SE 535) (1910); *Anderson v. State,* 14 Ga. 709 (3) (1854). "To disqualify a juror who tried the case and swore that he had not formed and expressed an opinion, and had no bias or prejudice, and was perfectly impartial, there should be affidavits of at least two witnesses, or what is equivalent thereto, against such oath of the juror, otherwise it is but oath against oath, and the verdict will not be set aside on the ground of the incompetency of the juror." *Coggeshall v. Park,* 162 Ga. 78, 79 (3) (132 SE 632) (1926). Since the record shows that he presented the affidavit of only one witness against the oath of the juror, appellant's first enumeration of error is not meritorious.

2. Appellant testified that when he discovered that the property which he had acquired had been stolen, he wanted to return such property to its rightful owner. His second enumeration cites as error the trial court's failure to give the following charge: "It is an affirmative defense to the offense of Theft By Receiving Stolen Property that the property was received with intent to restore it to its owner. I now charge you that the reasonableness of the actions taken by the defendant in attempting to restore the property to its rightful owner is not the issue in this case and you should consider the circumstances in which the defendant found himself. Remember, the

burden of proof is upon the State to prove to you beyond a reasonable doubt that the defendant did not receive the property with the intent of restoring it to its rightful owner."

In addition to instructing the jury that the burden of proof was on the State to prove each essential element of the crime charged beyond a reasonable doubt, the trial court charged that "[a] person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Code § 26-1806 (a). In our view, these instructions given by the trial court substantially covered the principle of law set forth in appellant's requested charge. See *Leutner v. State,* 235 Ga. 77 (5) (218 SE2d 820) (1975); *Boorstine v. State,* 126 Ga. App. 90 (12) (190 SE2d 83) (1972). Therefore, "it was not necessary to charge that [appellant's] testimony, if believed, constituted an affirmative defense." *Davis v. State,* 153 Ga. App. 847 (2) (267 SE2d 263) (1980).

3. Lastly, appellant contends that the trial court erred in instructing the jury: "Knowledge that the goods are stolen is an essential element of the crime of receiving stolen property. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man." In a nearly identical situation, this contention was decided adversely to appellant by our Supreme Court which held, "This particular portion of the charge is taken out of context. The charge is lengthy, and adequate. When the charge is considered as a whole, which the court instructed the jury they must do, the appellant's objection is without merit." *Lee v. State,* 239 Ga. 769, 778-779 (7) (238 SE2d 852) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 20, 1981.

Harry Jay Altman II, for appellant.
H. Lamar Cole, District Attorney, for appellee.